CASE 33—MOTION—FEBRUARY 8.

# Fleece vs. Goodrum, &c.

APPEAL FROM MARION CIRCUIT COURT.

1. A sheriff's return to a notice of a motion, that he had executed it by leaving a copy with the wife of the defendant, he not being at home, is *prima facie* sufficient. (*Civ. Code, sec.* 693 ; 1 *Met.*, 20, 146.)

2. The death of part only of the defendants does not prevent the issue of an execution to operate against the survivors. (*Code*, 435.) This applies to lost judgments.

3. The court, whose records have been destroyed, may, by motion upon notice, and sufficient evidence, supply the record of a judgment and award execution thereon. (8 *Dana*, 201.)

ROUNTREE & FOGLE, for appellant, cited *Civ. Code, secs.* 38, 399, 435 ; *Rev. Stat., ch.* 35, *sec.* 11.

BARNETT & NOBLE, for appellees, cited *Civ. Code, sec.* 693.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT :

This was a motion, on notice, that Fleece would ask the Marion circuit court, on the 4th day of its May term, 1864, to order an execution on a judgment which he had obtained against Goodrum and his sureties, as sheriff, but the record of which had been destroyed by fire before execution had issued. The notice was executed by delivering a copy to each of the defendants, save Goodrum and Graves, and the sheriff returned executed as to these "by leaving a true copy of the within with Mrs. Goodrum, wife of G. W. Goodrum, he not being at home, and by leaving a copy with Mrs. Martha Graves, wife of D. L. Graves, he not being at home." Thompson, a defendant, died after the service, but before the trial. The court dismissed the motion, without prejudice, because of Thomp-

son's death, and want of revivor against his representatives, and because of the supposed unsufficiency of the service upon Goodrum and Graves.

Section 693, Civil Code, provides " that service of a notice shall be by giving a copy thereof to the person to whom it is directed; or, if he cannot be found at his usual place of abode, by leaving a copy there with a white person over the age of sixteen years, residing in the family with him."

In *Webber vs. Webber, &c.*, 1 *Met.*, 20, this court held, that where a sheriff's return showed he had executed a summons on a minor, and nothing appearing as to the minor's age, the presumption should be indulged that the sheriff had done his duty according to law; therefore it could not be objected merely that the minor might be under fourteen years of age, and the service should also be upon his father or guardian; but the court would presume the minor to be over fourteen years, and the service upon him sufficient.

In the case of *Davidge, &c., vs. Colson*, 1 *Met.*, 146, it was held that on a return of executed, without saying how, the court should presume the officer had done his duty by executing it as the law directs.

The legal presumption is, that the sheriff executed the notice according to law; that is, by leaving a copy with a white member of the defendant's family residing with him, and at his usual place of abode, when he is absent therefrom; and unless this presumption is repelled by the sheriff's return, or otherwise, the return should be deemed sufficient. Nothing appears outside of the officer's return in this case. It should therefore be presumed that the wife was a white person over the age of sixteen, and a member of the defendant's family, and that the copy was left with her at defendant's usual place of abode, and that he was absent. The language of the return implies that the officer had sought these defendants at their respective homes, and finding them absent, had then and there left a copy with their respective wives, and sustains rather than repels the legal presumption.

Section 435, Civil Code, provides " that the death of part only of the defendants shall not prevent execution being issued,

which, however, shall operate alone on the survivors and their property."

This section is universal in its application to all judgments. The destruction of the record did not destroy the judgment, only the evidence of it; and when sufficient evidence of its having once existed was produced, and the destroyed record thereby supplied, this section was as applicable as if the record had not been destroyed.

It was therefore erroneous to dismiss the motion for either of these reasons. A commissioner had been appointed by the court to take evidence of its lost records, as provided by section 13, chapter 35, 1 Stanton's Revised Statutes, 467; but instead of his giving the public notice as therein provided, of the time and place of his sittings for the purpose of taking evidence, and which would have been sufficient and binding upon all concerned in the lost records, he proceeded to take evidence as to this judgment upon the private notice of Fleece, executed upon only five of the ten defendants; and the court correctly ruled that this evidence was incompetent as to those not served with notice. The court also correctly allowed Fleece to establish by other evidence the record of said destroyed judgment on this trial.

Whilst the statute furnishes a convenient and summary mode of supplying lost records, it does not, directly or by necessary implication, repeal all other modes.

The common law, ever fertile in furnishing remedies for wrongs, and redress for grievances, recognizes the right of parties to supply lost or destroyed records by its rules, as has been judicially affirmed by this court in *Suggett et al. vs. Bank of Ky.*, 8 *Dana*, 201.

The evidence being sufficient to establish the existence of the judgment and destruction of the record, the court should have supplied this lost record, and then ordered execution, as authorized by section 435, Civil Code.

Wherefore, the judgment is reversed, with directions to the court below for further proceedings compatible with this opinion.