## Gregory v. Meister.

(Decided  December  6,  1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division),

1.  Negligence—Personal Injuries.—A laborer carrying lumber into
    a building was entitled to recover damages for injuries received
    by being struck upon the head by a piece of brick that a brick-
    layer negligently let fall over a place where workmen in the
    lower story were obliged to be in the performance of their ser-
    vices.

2.  Lost Records—Right of Trial Court to Supply.—When the plead-
    ings in a case are lost or mislaid, the court may order the clerk
    to supply them from the record or copies that he can obtain,
    and when accurate copies of the pleadings are so supplied, it
    is not error to require the parties who are in other respects
    ready, to proceed to trial.

3   Nunc Pro Tunc Order.—The minute book of the court showed
    that an answer pleading contributory negligence was contro-
    verted of record, but the clerk in transcribing the minutes to
    the order book failed to put on the order book the minute show-
    ing that the answer was controverted of record. Held, that the
    court pending a motion for a new trial in which the failure to
    controvert the plea of contributory negligence was pointed out,
    had the right to enter a nunc pro tunc order on the order book
    and thus cure the error.

GIBSON, MARSHALL & GIBSON for appellant.

JACOB SOLINGER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, Meister, sued the appellant, Gregory,
for damages on account of personal injuries inflicted
upon him by an employe of Gregory, and recovered a
judgment for $650.00.  This judgment the appellant in-
sists was erroneous, and should be set aside for reasons
presented in brief of his counsel.

It appears that Lortch & Frey were the contractors
doing the woodwork upon a building and Gregory had the
contract to do the brick work.  Meister was employed by
Lortch & Frey to carry lumber from the street into the
building, and up to the second story where it was needed
by the carpenters.

Counsel for appellant insists that there is no evidence
to show appellee was hurt, or what hurt him, but we think

the evidence is very satisfactory that he was hurt by a piece of brick hitting him on the top of the head, and that this piece of brick was cut off from a brick with a trowel in the hands of a bricklayer in the employ of Gregory.

The testimony for appellee shows that there was a walkway from the street through a door in the house that extended to a ladder near the center of the building, and that he had been engaged for perhaps two hours in carrying lumber from the street, through this door way, which was the opening through which all lumber was carried, to the ladder, and would then carry it up the ladder to where the carpenters were at work. That he had carried a piece of lumber from the street to the place where the ladder stood, and was in the act of going up the ladder with it, when he was struck on the top of the head by a falling object of some kind. He did not know at the time what hit him, but proceeded to carry the piece of lumber up the ladder, and when he reached the place where the carpenters were, it was discovered that a young bricklayer named Johnson, working for Gregory, had cut a piece of brick off with his trowel, letting it fall, and it was this piece of brick that hit appellee on the head, making quite a severe cut and injury.

Appellee testified that when he went up to the top of the ladder he told one of the carpenters that he had been hurt, at the same time taking off his hat, to show the cut that had been made in his head. This carpenter says that he saw the bricklayer immediately before appellee came up the ladder cut the brick, and told him at the time that he should be more careful and watch his work better; and that when appellee came up and it was discovered that his head was cut, he pointed out to him the bricklayer that cut the brick, and said that he knew he cut the brick, although he did not see it fall. This is corroborated by another witness, who was present, and is not contradicted by any person, as the bricklayer was not introduced as a witness.

Gregory testifies that there were two openings in the front of the house, with walks going into the house from the street; one of these openings being through a door, and the other through a window. That appellee had been notified by him, as well as others, before he was injured that the door through which he was carrying the lumber was intended for the bricklayers, and not the carpenters. And that if he came through the door

he was liable to be hurt by a brick or some other object falling from where the bricklayers were at work, and was told to use the window, but that in spite of this warning appellee came in through the door and unnecessarily and carelessly went under the scaffold where the bricklayers were at work, thereby receiving the injury he complained of. All this was denied by appellee.

Upon this evidence the jury had the right to find that appellee was not negligent in going in through the door and that his injuries were caused by the bricklayer in the employ of Gregory carelessly cutting a brick, so that a part of it would fall at a place provided for laborers to come and go in bringing lumber from the bottom floor to the second story, where the carpenters were.

But it is earnestly argued that the trial judge committed serious error in forcing appellant to try the case when he did. This argument is based on the following facts shown by the record: The suit was filed early in 1909 against Gregory, and Lortch & Frey, charging that the injury was caused by the negligence of both of these contractors. On April 5, Gregory filed an answer, which merely traversed the petition. On April 19th, Lortch & Frey filed their answer, which, in addition to being a traverse, set up that the injury, if any, was caused by the negligence of Gregory, an independent contractor. They further pleaded that Meister was guilty of contributory neglect. Soon after this, the case was set down for trial on December 22, 1909. When the case was called for trial on that day, the clerk of the court reported that the original pleadings and papers filed in the clerk's office were missing, and for that reason he was unable to have them in court. Thereupon the court, on motion of counsel for Meister, directed the clerk to supply the missing record, and to give him an opportunity to do so the case was continued until December 23rd. When the case was called for trial on December 23rd, counsel for Gregory moved to continue the case because the pleadings could not be found, but this motion was overruled. Thereupon the clerk reported to the court that he had succeeded in securing from counsel for appellee Meister a copy of the original petition, and from counsel for Lortch & Frey a copy of the answer filed for them, but that he had been unable to secure a copy of the answer that had been

filed for Gregory. Upon this report being made, counsel for appellee stated that the answer filed by Gregory was merely a traverse of the petition, and consented that the record might so show, and thereupon an order was entered stating that the petition was traversed of record. When this was done, counsel for Gregory renewed his motion for a continuance, and filed his own affidavit, stating in substance that although he had made several efforts to do so, he had never been able to procure a copy of the answer of Lortch & Frey, which pleaded that Gregory was an independent contractor, and responsible for the accident; and that his client had been unable to discover any facts in regard to the accident and knew nothing about it. Upon this motion being overruled, counsel for Gregory then filed an amended answer pleading contributory negligence, and the case proceeded to trial and judgment.

A continuance was not asked for any other reason than the one indicated, and we are unable to see in what respect his rights were prejudiced by the action of the lower court in forcing him into trial. His counsel, although complaining vigorously of the action of the court, does not furnish us any, except technical reasons that do not touch the merits of the matter, why the trial should not have been entered into.

We have been cited to a number of authorities on the subject of supplying lost records, but it seems to us that when the pleadings in a case have been lost or mislaid, and they can be promptly and correctly supplied under the eye of the court, there is no reason why the court should not order it to be done rather than to continue the case, when no other reason existed for its continuance. Fleece v. Goodrum, 1 Duv., 307; Bush v. Lisle, 86 Ky., 504; Com. v. Kegar, 1 Duv., 240. There is no claim that the record as made up under the orders of the court was not in fact the identical record that had been previously made up by the parties. And so the trial was had with the pleadings in precisely the same condition they would have been if they had not been lost or mislaid. Under these facts, it is plain that Gregory's rights were not prejudiced by the rulings of the trial judge. He was in the court house with his attorney and all his witnesses, and when a litigant is thus situated he is about as ready to try his case as he ever will be, if he wants to try at all.

The argument is further made that no reply was filed by Meister to Gregory's plea of contributory negligence. The facts about this are as follows: On the morning of December 23rd, before the trial was entered into, Gregory filed as before stated an amended answer, pleading contributory negligence. The filing of this amended answer was noted on the minute book of the clerk, where was also noted the fact that the affirmative matter in the amended answer was controverted of record and this issue was submitted in an instruction. But, it seems that in entering the minutes on the order book, the clerk inadvertently omitted to put on the order book the minutes showing that this answer had been controverted of record. In the motion for a new trial, it was pointed out for the first time that the records showed that the plea of contributory negligence had not been controverted, either by pleading or of record. Thereupon the trial judge, after ascertaining from the minute book that the amended answer had in fact been controverted of record, directed the clerk to enter upon the order book of the court a nunc pro tunc order showing this fact. The right of the court to have this nunc pro tunc order made is fully discussed and authorized by the opinion in Ralls v. Sharp, 140 Ky., 744.

A careful consideration of the record convinces us that no error to the prejudice of appellant was committed, and so the judgment is affirmed.