## Suggett *et al. vs.* The Bank of Kentucky. Pet. & Sum.

[Messrs. Robinson and Johnson for plaintiffs: Messrs. Crittenden and Oates for defendant.]

FROM THE CIRCUIT COURT FOR SCOTT COUNTY.

Chief Justice ROBERTSON delivered the Opinion of the Court.

*June* 13.

THIS is a case of *petition* and *summons,* in which it appears that, after the summons had been delivered to the sheriff, and had been partially, perhaps fully, served, the petition and note were consumed in the burning of the clerk's office in which they were deposited; and that, after a sufficient return of full service to authorize a judgment, against all who were sued, the case being regularly called, and the defendants not appearing, the plaintiff's counsel was permitted to file a substituted petition; and thereupon, judgment by default, was rendered against the defendants.

The only question to be decided, is whether, upon these facts, the judgment was authorized by law. And we think it was.

It was the duty of the defendants to appear, and defend the suit if they had any available defence. And had they appeared on the calling of the cause, and satisfied the Court that they had any substantial defence, which they were then not prepared to make, because they had been unable, in consequence of the destruction of the petition and note, to ascertain the precise cause for which they were sued, they might have obtained a continuance; but they could not have prevented the plaintiff from filing the substituted petition, if, as we presume to have been the fact, the Court was satisfied, by proper evidence, of the accidental destruction of that on which the summons had been issued, and also of the substantial correspondence with it of that which was substituted for it. We cannot admit that the accidental destruction of a bill, declaration, or petition, after the service of process upon it, should necessarily abate the

The accidental destruction of a bill, declaration, or petition and note, after service of process upon it, will not necessarily abate the suit, if the loss can be supplied.

A substitute may be prepared, and the court, being satisfied of the loss of the original, and that the substitute is of the same import, should permit it to be filed, and to have the same effect.

If, because of the destruction of papers, the deft. has been unable to ascertain the precise nature of the suit—he is entitled to a continuance.

VIII. 26

Spring Term
1839.

suit, if the destroyed document can be supplied, as it frequently may be, by satisfactory proof of its identity.

Nor can we presume that the plaintiffs in error had any available defence, and have been taken by surprise. The substituted petition, *filed without objection,* should, in our opinion, have been entitled, in all. respects, to the same effect, as the original petition; and should have been considered, by substitution and relation, as having been filed before the summons was issued.

And therefore, as none of the defendants appeared, and either objected to what was done, or moved for a continuance, or denied that the debt, as claimed and adjudged, was justly due by them to the plaintiff, at the time of judgment, it seems to us, that the judgment should be considered just and proper, and should therefore be affirmed.