SAINT ANTHONY MILL COMPANY, Plaintiff in Error, *vs.* CLEMENT VANDALL, Defendant in Error.

If a chose in action is assigned after the commencement of an action thereon, the assignee must show affirmatively that the assignment was made *pendete lite*, to enable him to prosecute in the name of the assignor.

And if the assignment is made in trust for the benefit of a third person, the assignee may prosecute the action without joining the *cestui que trust* as a party Plaintiff, by virtue of Section 29, page 333, Revised Statutes of Minnesota.

A Writ of Error will not subject to review, questions of law arising upon the evidence offered in the Court below. Such questions can only be incorporated in the record by Bill of Exceptions.

This was a Writ of Error to the District Court of Ramsey County. The action was brought in the District Court to recover the amount of a Bill of Exchange, made by Ard. Godfrey as Agent for the Saint Anthony Mill Company, Defendant below, bearing date on the 3d day of July, 1852, for the sum of $328 97, payable to the order of Clement Vandall, the Plaintiff below, and directed to Henry M. Rice.

The Complaint further alleged that the same was duly presented to the said H. M. Rice for acceptance and payment, and that he refused to accept or pay the same, of which the Defendants below then had due notice.

The Complaint further alleged that the Plaintiff was the lawful owner and holder of the said Bill of Exchange, and that the Defendants were indebted to him thereon in the sum of $328 97 principal, with interest from July 28, 1852.

The original answer admitted the making and delivery of

St. Anthony Mill Company *v.* Vandall.

the Bill of Exchange as set forth in the Complaint, but denied upon information and belief, each and every other allegation contained in the Complaint.

Afterwards, by leave of the Court, a supplemental answer was filed and served, alleging that since the service of a copy of the original answer, and on the 18th of October, 1852, the Defendants paid to the Plaintiff the full amount claimed to be due upon the Bill of Exchange set forth in the Complaint, and that the Plaintiff had thereupon executed and delivered to the Defendants his receipt in writing, whereby he acknowledged full payment of the amount claimed to be due.

The Reply of the Plaintiff to the Defendant's supplemental answer, alleged that the draft or bill mentioned in the Complaint was transferred and assigned to Lafayette Emmett and Henry L. Moss, for a good and valuable consideration, previous to the 18th of October, 1852, and that the Defendant had due notice that the said draft or bill had been transferred and assigned by the Plaintiff to the said Emmett and Moss, and that they were entitled to the same, previous to the time of payment and taking the receipt mentioned in the supplemental answer.

The cause came on for trial at the March Term, 1854, and a Jury trial having been waived by the parties, it was heard and determined by the Court, who "found the facts in favor of the Plaintiff as set forth in the Complaint and Reply." And also decided, that whether the action was brought before or after the assignment, it might be sustained in the name of the Plaintiff in the cause, and without leave of the Court, and rendered judgment in favor of the Plaintiff for the amount claimed in the Complaint, with interest.

The Judgment is removed to this Court by Writ of Error.

HOLLINSHEAD & BECKER, Counsel for Plaintiff in Error.

EMMETT & Moss, Counsel for Defendants in Error.

*By the Court*—CHATFIELD, J. The judgment of the District Court in this case must be reversed.

The Complaint of the Plaintiff below, and his reply to the

St. Anthony Mill Company *v.* Vandall.

Defendant's Supplemental Answer, are inconsistent with each other.

The Complaint being true, the Plaintiff below was the real party in interest, and payment to him as alleged in the Defendant's Supplemental Answer, constituted a valid defence to the action.

The Reply to the Supplemental Answer being true, the Plaintiff below was not the party in interest, and for that reason, could not maintain the action at all.

It cannot be answered in avoidance of his dilemma, that the assignment mentioned in the said Reply was made *pendente lite*, so as to allow the action to proceed in the name of the original Plaintiff; for the Reply fails to show the time of the assignment. It simply alleges that it was previous to the 18th day of October, 1852; the time of the payment alleged in the Supplemental Answer. At that time the action had been pending more than a month. The assignment may have been either before or after the commencement of the action, and the Reply be strictly true, while the right to prosecute the action in the name of the Plaintiff, rests wholly upon the fact that the assignment was made *pendente lite*. If the assignment was previous to the commencement of the suit, the action should have been brought in the name of the Assignee, the party in interest.

In cases like this, in which an answer is sought to be avoided by an assignment of the cause of action, *pendente lite*, it is manifestly necessary for the assignee, by his Reply, to show affirmatively that the assignment was made *pendente lite*, to make it effectual, and at the same time, entitle him to proceed in the action in the name of the Plaintiff on the record; the assignor; for it is in such cases only that an action can proceed in the name of a Plaintiff not owning the interest. The time of an assignment of a chose in action cannot be presumed, and it is a plain and familiar principle, that a party prosecuting an action, must, by his pleadings affirmatively show, that he is lawfully entitled to the action which he prosecutes, both in form and substance.

The defect in the Reply in this case is, in my judgment, one of substance, because, by reason of it, the record fails to show

that the Plaintiff was the party in interest entitled to bring the action, at the time of its commencement. The defect cannot, therefore, be deemed to be cured by verdict, or by the finding of the Court standing in lieu of a verdict upon the trial before him without a Jury.

But were it otherwise, so as to require this Court to go beyond the pleadings and look into the finding or report of the District Court, before whom the cause was tried without a jury : the cause is there found to stand in precisely the same light and position in which it does upon the pleadings, and subject to the same objection for incongruity and inconsistency so far as the facts are concerned.

The District Court simply says, that he finds " the facts as set forth in the Complaint and Reply," without determining the *time* of the assignment. It would appear by the Report of the District Court, and without reference to the evidence in the case, that it was, upon the trial, made a question whether the facts proved, constituted, in law, an assignment of the cause of action, because in the report or finding, he determines that the facts proved " in the cause were sufficient in law to constitute an assignment," but he does not determine at what *time* such assignment was made or took effect. The principle upon which he sustained the action, did not require him to determine, (if he might do so under the pleadings,) the *time* of the assignment, for he decided " that whether the action was " brought before or after the assignment, it may be sustained " in the name of the Plaintiff without leave of the Court."

In this conclusion I think the District Court erred. If there was in fact, an assignment of the absolute kind and character alleged in the Reply, and by the Court found in both fact and law, then it is very clear that the action cannot be sustained in the name of the Plaintiff, unless the assignment was made subsequent to the commencement of the action ; for the Statute is positive that every action arising upon contract, like this, " must be prosecuted in the name of the real party in interest." The only exception which the Statute makes to this rule established by it, is of cases of assignment *pendente lite.* In such cases, the Statute allows the action to proceed in the name of the original party Plaintiff, or the assignee to be, upon motion,

‚substituted as Plaintiff.   Hence the manifest necessity that the *time* of the assignment should be alleged in the pleadings, and proved upon the trial in cases like this, in which the Plaintiff's right to prosecute or maintain the action is involved in the issue.

Thus stands this case upon the pleadings and the finding or report of the District Court, and in strictness, they and the judgment constitute the whole record.   There is not any Bill of Exceptions to bring into the record the evidence upon which the conclusions stated in the report or finding of the District Court rests.   The only way to incorporate the evidence or any part of it, into the record, so as to subject to review upon Writ of Error, the questions of law arising thereon, is by Bill of Exceptions.   The Writ of Error brings up only the record of the Judgment in the Court below, and that record, in the absence of a Bill of Exceptions, duly signed, consists only of the pleadings, verdict and Judgment, and, in cases of Judgment by default, of the process and the proceedings thereon, showing whether or not the Court had acquired jurisdiction.

Though there is included in the paper book in this cause, a case used upon a motion for a new trial therein, containing a statement of the evidence upon the trial, and settled by the stipulation of the parties, it forms no part of the record ; nor does the opinion of the Judge of the District Court upon the motion for a new trial, which is also included in the paper ˋbook.   This Court cannot look into either the case or the opinion, for the purpose of determining whether or not the Judgment of the Court below is sustained by the law and the evidence.   Not being of the record, they cannot be allowed to control the effect of the record.   Nor can I perceive how they could avoid the consequences of the inconsistency between the Complaint and the Reply to the Supplemental Answer, or ·cure the material defect in the said Reply.

If, as was indicated upon the argument, (and as would appear by the said case and opinion, could this Court properly consider them,) the assigment proved (if any,) was to the As- ·signees, in trust for the creditors of the Plaintiff below, then the question would arise, whether or not the proof would. support the Reply, for the Assignment alleged in the Reply is

St. Anthony Mill Company *v.* Vandall.

absolute of the whole interest, to the assignees, to their own use. The character of the assignment might materially affect the rights of the parties, and hence such variance between the pleading and the proof, might become essential in making up a record by which such rights are determined or affected. Whether or not such variance be material, need not, if it could properly, be decided in this case, for in my view of the provisions of the Statute, the effect of the assignment upon the right to prosecute or proceed in the action in the name of the Assignor, as Plaintiff, would be the same, whether the assignment was absolute or in trust. In case of an assignment of a chose in action, arising on contract, by the owner to an Assignee in trust to pay or secure the payment of debts, owing by the Assignor, a strict construction of Section 27 of the Statute of civil actions would require the Assignor, Assignees and the *cestuis qui trust* to be joined as Plaintiffs in an action on the chose in an action thus assigned.

The Assignor would have a real and substantial interest in the action, because the collection would liquidate his debt *pro tanto*. The Assignee would have a material interest in the action founded upon his title, compensation and liabilities as Trustee, and the *cestuis qui trust* would be the owners of the money in the hands of the Trustee when collected, and would hold the equitable title and essential interest in the chose from the time of the assignment.

Hence it became necessary to avoid the consequences which the provision of section 27 would produce in such cases, to provide some other means of prosecuting choses in action in such a condition; section 29 of the same Statute, (*Rev. Stat.* 333) was designed for that purpose. That section provides that " a Trustee of an expressed trust may sue without joining " with him the person for whose benefit the action is prose-" cuted," and it defines that " a person with whom, or in whose " name a contract is made for the benefit of another, is a trustee " of an express trust within the meaning of this section."

An assignment is a contract made between the assignor and Assignee, and when made to the Assignee in trust for the benefit of a third person it is within the definition of an express trust contained in section 29.

This section seems to regard such an assignment as of the same effect as an absolute one, upon the right of the assignor to prosecute the demand assigned, for it recognizes the right of the assignee to sue thereon and permits him to bring the action without joining the *cestuis qui trust.*

If this be the true construction of the different provisions of the Statute when considered together as they should be, then the case as it stands upon the pleadings and finding of the District Court, would not be so changed as to effect the result in this Court, even though the case made for the purposes of the motion for a new trial, and the opinion of the Judge of the District Court thereon, constituted a part of the Record.

The time of the assignment would be in the same degree material, whether it was absolute or in trust, because its effect upon the Plaintiff's right to prosecute or proceed in the action would be the same in either case.

Judgment reversed.