CASE 34—PETITION EQUITY—FEBRUARY 8.

# Deshong vs. Cain,

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. See the opinion for the facts authorizing an injunction and review of a judgment, where the records were destroyed.

2. The circuit court has power, on proper proof, to supply its own lost or defaced records. The Revised Statutes (*sec.* 13, *ch.* 35) do not provide the mode in which the appointment of a commissioner to take proof of lost records is to be made, and therefore a petition verifying the facts would be lawful and appropriate.

HAZLERIGG & WINN, for appellant, cited *Civ. Code, sec.* 903; 13 *B. M.*, 332; 2 *Marsh.*, 809.

TURNER & SEAVER, for appellee, cited *Rev. Stat., chap.* 35, *section* 13.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The petition in this case having been dismissed on demurrer, its material allegations must be taken as admitted in this appeal to reverse that judgment. These are, in effect, that the appellant and appellee had been partners in the mercantile business in Montgomery county; that, in a suit afterwards pending between them for a settlement, the commissioner appointed to audit the accounts made a report, presenting a balance of $300 as due to appellant; that the report was confirmed, but that, nevertheless, the court rendered a judgment *against him in favor of the appellee for* $300; that, while the clerk was copying the record for the court of appeals, the rebels burnt the court-house and all the papers in that suit; that the appellee had procured the levy of an execution on the appellant's property to enforce said judgment, whereby irreparable damage would, as he apprehended, result to him, unless the court would enjoin the execution on a judgment palpably erroneous on its face, being, as it was, for $300 *against* him, when the record, if properly supplied, would show that the court ought to have adjudged that very sum *in his favor against* the appellee. On these allegations the appellant prayed for an injunction, and also for the appointment of a

commissioner to supply the burnt record, and finally a review of the said judgment on such supplied record, and a correction of the judgment either as a clerical misprision or a palpable error of the court.

On these admitted allegations, it seems to this court that the remedy chosen by the appellant was not only permissible, but the most appropriate, and the only one effectually available. According to the allegations, the judgment was clearly erroneous on the face of the record. If this error had been a clerical misprision, it could not be corrected as such until a perfect record had been supplied; and if, as it must be, *prima facie*, deemed to be, it was an error in the judgment of the court, which could be corrected only by an appeal to this court or by a bill of review in the circuit court. Neither of these remedies could be availing without first supplying a full and authentic copy of the record. Every circuit court has inherent power to supply, on proper proof, its own lost or defaced records. But the 13th section of chapter 35, of Stanton's Revised Statutes, page 467, provides for the appointment of a commissioner to take and report evidence. The mode, however, of procuring such appointment by the court, whose record is to be supplied, is not prescribed by the statute; and surely, therefore, a petition, as in this case, verifying all the facts, cannot be either an unlawful or inappropriate mode. Then, for supplying the burnt record, the petition was good, and ought to have been entertained. But, without an injunction, irreparable damage might result from the sale of appellant's property in the meantime. And his allegations are sufficient to entitle him, *quia timet*, to such injunction, and to prosecute a suit for maintaining the injunction, and for reviewing and correcting the judgment for error in law on the face of it, and for perpetuating the injunction and obtaining a judgment against the appellee on the record when supplied, and, *without supplying which, there could be no relief in any mode.*

Upon the face of the petition and amended petition we are therefore of the opinion that the appellant shows a right to the appointment of a commissioner, to an injunction, and to a review of the judgment as prayed for by him.

Wherefore, the judgment sustaining the demurrer to the petition and amended petition, and dismissing them absolutely, is reversed, and the cause remanded for further proceedings consistent with this opinion.