CASE 3—INDICTMENT—DECEMBER 8.

# Commonwealth vs. Keger.

### APPEAL FROM ALLEN CIRCUIT COURT.

1. There are two modes of supplying lost records—1. A commissioner may be appointed by the court whose records have been lost or destroyed, who shall take proof, report, &c. (1 *Rev. Stat.*, 467); or, 2. The court, upon satisfactory proof, may substitute a paper for the one lost or destroyed. (8 *Dana*, 201.)

2. An indictment lost or destroyed cannot be supplied by a subsequent indictment found by a different grand jury. The only effect of such proceeding would be the institution of a new prosecution, in which the limitation would run up to the time the new indictment was returned into court.

3. The destruction of an indictment does not abate the prosecution.

JOHN M. HARLAN, Attorney General, for Commonwealth.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee Keger, having acted as constable in Allen county, under and by virtue of authority of the "Provisional Government of Kentucky," which acknowledged allegiance to the revolutionary government known as the "Confederate States of America," and which was in rebellion against the legitimate government and authority of the United States, said Provisional Government being an attempted usurpation and overthrow of the Constitution and Government of the State of Kentucky, which still adhered to, and acknowledged allegiance to, the Constitution and Government of the United States, was indicted at the July term, 1862, of the Allen equity and criminal court, as an usurper in office.

This indictment, together with various others, was surreptitiously taken from the clerk's office, and has never been returned.

No legitimate court was held in said county after the abstraction of these indictments until January, 1864, when, upon motion of the Commonwealth's Attorney, based upon these facts, the court "ordered that said prosecution be remanded back to the grand jury, for the purpose of refinding said indictment." The grand jury, after, and at the same term, returned into court the indictment upon which this trial was

had, and upon which the defendant was acquitted. Various errors are alleged by the appellant, and a reversal sought.

There is both a statutory and common law mode of restoring lost or destroyed records in this State.

A commissioner may be appointed by the court, whose records have been lost or destroyed, who shall take proof, report, &c. (*Sec.* 1, *Stanton's Rev. Stat.*, *p.* 467.)

The court, upon satisfactory proof, may substitute a paper for the one lost or destroyed. (*Suggett et al. vs. Bank of Kentucky*, 8 *Dana*, 201.)

Neither the common law or statute authorize grand juries to supply lost records, nor did the destruction of the indictment abate the prosecution.

By a dismissal of the pending prosecution, and with the consent of the court, and by an order to that effect, the Commonwealth's Attorney might have had the case again submitted to a grand jury for a new indictment.

The only legal effect of this new proceeding, at best, can only be to regard it as a new prosecution; and as such, the court was right in saying to the jury that the time, within which the offense must have been committed, should be estimated from the date of its return into court.

We do not mean in this to adjudicate any question which may arise on the first proceeding, should the last indictment be supplied by any known legal mode.

Wherefore, the judgment of the court below is affirmed.