CASE 17—MOTION—FEBRUARY 21.

## Farrow vs. Orear.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. In a proceeding by motion to have execution on a lost replevin bond, the plaintiff must prove the former existence of the bond, its contents, and that it had not been discharged; the defendant is not required to respond to the facts stated in the notice, and no judgment by default can be rendered. (1 *Rev. Stat.*, p. 467; *Myers' Sup.*, 206.)

2. In such case the court should direct the preparation of the paper to be substituted for the lost bond, and not leave it to the plaintiff or the clerk.

3. No execution can issue against the surety in a lost replevin bond, unless the loss occurred before the surety was released. (*Myers' Sup.*, 207.)

O. S. TENNY, for appellant, cited 2 *Rev. Stat.*, p. 400; 1 *Rev. Stat.*, 691, 467; *Civ. Code*, sec. 479.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a motion, on notice by appellee, against J. W. Cluke as principal, and appellant as his surety in a replevin bond, to have execution thereon. The notice sets out that Orear recovered judgment in the Montgomery circuit court, at its February term, 1860, against Cluke, and that he had execution directed to the sheriff of Caldwell county, and that whilst said execution was in the hands of said sheriff, and still in full force, January 17th, 1861, said Cluke as principal, and Farrow as his surety, replevied the same, and that said replevin bond was due three months thereafter for the sum of $355 17; that the execution and replevin bond have been destroyed, and never paid.

This proceeding is authorized by section 11, chapter 35, 1 Stanton's Revised Statutes, 467; but the judgment must be "*upon satisfactory evidence*, after reasonable notice to the opposite party, showing that it had existed, its contents, and that it had not been discharged, and the court which rendered the judgment may, 'if it appear proper, order an execution thereon.'" This judgment was by default and without proof, as though it, like most suits, could be taken for confessed, and the allegations regarded as sufficient evidence; but it will be observed no response is required to this notice; but the statute, by its terms, requires the plaintiffs to make out by proof all the essential facts which entitle him to an execution. It was, therefore, clearly erroneous, under this statute, to give judgment by default and without proof.

The 13th section provides for the appointment of a commissioner to supply the lost records upon proof, where the records of a court have been destroyed; but this section gives no aid to this proceeding.

In the case of Suggett et al. vs. Bank of Kentucky (8 *Dana*, 201), this court recognized the right of the plaintiff, when the suit was still pending and undetermined, and the petition and summons had been destroyed after service, to supply the petition and take judgment by default; but even then the destruction, the substantial correspondence of the substituted petition with the original must be proved by proper evidence,

and stress was laid on the fact that the defendant was legally notified, by summons, of a pending suit, upon which it was his duty to appear and make defense.

There is no known statute nor provision of the Civil Code, nor common law proceedings, which authorize judgment by default upon a notice of this character· There was no suit pending in court at the time of this notice; the notice is the beginning of this suit, and no response to it is required; the law makes the issue, and the plaintiff must make out his case by proof.

But there are other serious objections to the judgment. The notice only proceeds for an execution. The judgment, without any paper of substantial import to the replevin bond, adjudges that, the bond be supplied, and that execution issue thereon; evidently leaving with the clerk to receive such paper as the plaintiff might present as the substituted bond, else leaving with the clerk to substitute the bond in such manner as he might deem proper. The substituted bond should have been presented to the court and adjudged to be of substantial import as the lost bond.

Again, the notice shows that this lost bond was due April 17th, 1861. The notice is executed February 1st, 1864, on J. W. Cluke only, notifying him that an execution would be asked for on the 8th day of the February term, 1864, of the Montgomery circuit court. No other service appears in the record; so that Farrow seems never to have had notice of any such proceedings.

Nor does this proceeding comport with the provisions of chapter 120, entitled "An act to amend chapter 35, of the Revised Statutes," approved January 20th, 1864 (*Session Acts* 1863–4, *p.* 14), the first section of which authorizes the court, "*upon satisfactory proof* of the existence of such judgment, its amount, and the destruction, to re-enter the same of record, and order execution thereon, on ten days' notice to the defendants."

Section 2, relative to lost replevin bond, provides, that, on a like notice, and "*satisfactory proof being made* of the for-

mer existence of such bond, and its loss, the court shall order execution to issue thereon."

Section 7 provides, that when such judgment or bond has been destroyed, no surety shall be released by failure to issue execution thereon, provided "*that the security in such judgment or bond was not released by law at the time of the destruction of said judgment or bond.*" It is essential for the plaintiff to show, by proof, the existence of the replevin bond, substantially its contents, that the same has been destroyed, and that the surety was not released when it was destroyed. As Farrow is now before this court on appeal, no notice will be essential, as he has now appeared to the suit.

But he should be allowed reasonable time to procure evidence of its payment and discharge, should he desire to do so, which appears to be the fact from an affidavit in this record.

Wherefore, the judgment is reversed, with directions to the court below for further proceedings in accordance with this opinion.

[JUDGE PETERS did not sit in this case.]