STATE v. WILLIAM ROBERT HEFFELFINGER.[1]

April 17, 1936.

No. 30,908.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Deputy Attorney General, *M. F. Kinkead,* County Attorney, and *Andrew Bratter,* Assistant County Attorney, for the State.

*A. M. Cary, Mark J. McCabe,* and *Thomas J. Newman,* for defendant.

HILTON, JUSTICE.

This case is here on certified questions. February 8, 1935, the grand jury of Ramsey county returned an indictment against the defendant, charging him with grand larceny in the first degree. Subsequently the defendant was arraigned, given a copy of the indictment, and entered a plea of not guilty.

[1]Reported in 266 N. W. 751.

174

October 31, 1935, the defendant, after obtaining leave to withdraw his plea, demurred to the indictment. The state then moved to amend it. After a hearing the court made an order sustaining the demurrer and allowing the amendments. November 13, 1935, defendant again was arraigned, waived the reading of the amended indictment, and stood mute. The court entered a plea of not guilty, and the case was set for trial.

Thereafter the defendant interposed a demurrer to the indictment as amended, alleging that the crime had been barred by the statute of limitations. He also made a motion to quash on the grounds that there was no lawful indictment returned by the grand jury and that he was not given a copy of the indictment as amended. The motion was denied and the demurrer overruled. Upon motion of and with the consent of the defendant, several questions were certified to this court. These raise three principal problems.

The first problem involves the question whether a court can allow an amendment of an indictment as to substance. It must be noted that our constitution makes no provision for either indictments or informations. Our criminal law and procedure is entirely statutory. Prior to 1927, by 2 Mason Minn. St. 1927, § 10648, courts were permitted to disregard defects in the form of an indictment if doing so would not unjustly prejudice the rights of the defendant. The section previous to 1927 read:

"No indictment shall be insufficient nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

By L. 1927, c. 297, this section was amended by adding:

"At any time before the commencement of the trial the court may permit the amendment of an indictment by counsel for the state both as to form and substance, provided no change is made in the name or identity of the crime charged, and provided that in case an amendment is made the defendant shall be given reasonable notice thereof and shall have, if he desires it, such further reasonable time as the court may deem proper in which to prepare his

defense, which further time shall be at least four days after notice of the amendment, if demanded by the defendant."

Defendant attacks the constitutionality of this amendment on the ground that its substance is not stated in the title of the act. That title reads: "An act to amend General Statutes 1923, Section 10648, relating to indictments in criminal cases and to amendments thereof." The amendment without question is embraced within that title.

Under the section as it existed prior to 1927, without doubt no change could be made in an indictment other than one of form. However, under the amendment it is expressly provided that there may be an amendment "both as to form and substance." The only limitations are that there be no change in the name or identity of the crime charged and that the defendant be given reasonable time within which to prepare his defense. In the instant case there was no change at all in the name of the crime charged. Defendant was given reasonable notice. Thus the problem resolves itself into the question of whether a crime actually was charged in the indictment as returned by the grand jury.

By the indictment defendant was accused of first degree grand larceny in that he obtained $1,500 by means of certain specified false representations. The name of the defendant, the name of the complaining witness or victim, the date of the alleged offense, the representations, their falsity, the obtaining of a stated amount of money thereby, the intent to deceive, and reliance by the victim upon the false representations were all alleged. The indictment as returned was held susceptible to demurrer in that it failed to allege . what the injured party obtained for the money with which he parted. Certainly it cannot be said that no crime was charged.

The purpose of the amendment to § 10648 was to liberalize the power of the court with respect to indictments and to minimize insubstantial defects. It should be construed to carry out that purpose. In a Michigan case, People v. Spence, 250 Mich. 573, 231 N. W. 126 (see People v. Sims, 257 Mich. 478, 241 N. W. 247), an information was defective because it did not allege specifically the

claimed negligence in an accusation for negligent homicide. Under a statute which permitted amendments as to substance, the court upheld the adding of an amendment which supplied the necessary allegation. Our statute is as broad as the one there interpreted.

Defendant contends that as the amendment states "no change may be made in the name or identity of the crime charged" there can be no amendment unless the indictment as originally returned was good as against a demurrer. That construction would nullify the amendment to the section. In this state the county attorney may file an information charging a party with the commission of a crime. To permit an indictment, which has been returned by the grand jury, to be amended by counsel for the state after having received the consent of the court, certainly is going no further. It tends merely to cut out the red tape with which criminal procedure has become so entangled. If defendant's contention were correct, that part of § 10648 here involved would serve no purpose, for if the indictment as returned was sufficient as against a demurrer, then there would be no object in asking the court to allow an amendment. It is only when there is some defect that the necessity for the use of the amended part of § 10648 arises. The instant case presented an occasion for its use.

In State v. Armstrong, 4 Minn. 251 (335), cited by defendant, an indictment failed to charge that the crime was committed within the jurisdiction of the court. The lower court allowed an amendment which added that allegation. At that time § 10648 had not been amended. This court in reversing the lower court recognized that under the statutes as they then existed amendments could be made only as to matters of form and stated [4 Minn. 256]:

"To supply an averment by amendment, which is necessary to perfect the charge, is in effect to 'hold the defendant to answer for a criminal offense' in a manner, other than 'on the indictment of a grand jury,' and is, in a high degree, unjustly prejudicial to his rights as a citizen. Courts are bound to give effect to statutes if possible, and this one, allowing an indictment to be amended, may be satisfied by permitting it to operate upon mere matters of form;

\* \* \* but matters of substance can never be inserted in an indictment *as the statutes now stand,* by any other tribunal than the grand jury." (Italics ours.)

That decision was based entirely upon the fact that the statute then did not permit amendments as to matters of substance.

Defendant contends that the court was in error for under 2 Mason Minn. St. 1927, § 10692, a court, after a demurrer to an indictment has been sustained, may allow only such amendments as will not "unjustly prejudice" the defendant. That section is not applicable here. The demurrer in the instant case had not been sustained at the time the amendments were offered.

We need not discuss cases from other jurisdictions holding that a court has no power to allow an amendment of any kind to an indictment for under our statutes the court does have that power, and our constitution does not restrict it when it is reasonably exercised.

At the time the amendments were allowed here more than three years had elapsed since the commission of the acts for which defendant was accused although the indictment was returned from the grand jury within the three-year period. 2 Mason Minn. St. 1927, § 10655, reads:

"Indictments for murder may be found at any time after the death of the person killed; in all other cases, indictments shall be found and filed in the proper court within three years after the commission of the offense."

The next problem with which we are concerned requires an answer to the question as to whether the court had the power to permit the amendment at the time it did, or, in other words, was the statute of limitations tolled by the return of the defective indictment? It is clear that the return of an unchallenged indictment tolls the statute of limitations regardless of the time when the trial is had. 1 Wharton, Criminal Procedure (10 ed.) p. 421, § 373. There appear to be no precedents on the identical situation we have here. It should be borne in mind, however, that § 10648 does not place

any restrictions upon the court as to when the amendments may be allowed.

In State v. Rowley, 12 Conn. 101, cited by defendant, it was held that a new count could not be added to an information after the time limited by statute had run even though the original indictment was returned within such time. That situation differs materially from the facts of the instant case. Here there was no attempt to add a new count. Further, the decision was based upon Drake v. Watson, 4 Day (Conn.) 37, a civil case, in which it was held that a complaint could not be amended after the time limited by statute had run against the action, even though the original complaint had been served in time. If we are to use civil cases as an analogy we find that in Minnesota this court has held repeatedly that the filing of even a defective complaint tolls the statute so that an amendment, which does not set forth a new cause of action, may be made even if the time limited by statute has passed. Haack v. Coughlan, 134 Minn. 78, 158 N. W. 908; Nash v. Minneapolis & St. L. R. Co. 141 Minn. 148, 169 N. W. 540; Stebbins v. Friend, Crosby & Co. 193 Minn. 446, 258 N. W. 824.

In State v. Disbrow, 130 Iowa, 19, 106 N. W. 263, 266, 8 Ann. Cas. 190, an indictment was returned but set aside and the matter resubmitted to the grand jury. Subsequently a new indictment was returned, but after the period limited by statute had run against the offense. The Iowa statute provided that an indictment must be "found within three years after the commission of the offense and not afterwards." It was held that a conviction on the second indictment was barred. The decision was based in part on the peculiar wording of the statute. The court stated that the order returning the case to the grand jury was [130 Iowa, 29] "in effect the mere direction that the original inquiry shall be resumed as if the defective indictment had never been voted or returned into court. It is no more than a restoration of the case to the status it occupied at the time it was originally submitted." That case does not support defendant's position. Section 10648 of the Minnesota statute does not restore the case to the status it had when it was originally submitted to the grand jury. The fact that the trial judge may per-

mit an amendment of the indictment itself prevents the case from assuming that status. The amendment that is allowed is of the original indictment.

Apparently the Iowa court in State v. Disbrow, 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190, assumed that it was following the rule of the Kentucky court for it cited in support of the decision Commonwealth v. Keger, 62 Ky. 240; Newport News v. Commonwealth, 14 Ky. L. R. 196; and also State v. Curtis, 30 La. Ann. 1166. In Commonwealth v. Keger the original indictment was lost, and the prosecution had a new one returned after the statutory time had expired. It was held that no conviction could be had on the second indictment. The court there stated [62 Ky. 241]: "We do not mean in this to adjudicate any question which may arise on the first proceeding, should the lost indictment be supplied by any known legal mode." That language would seem to indicate that had the prosecution followed the statutory method of supplying the lost document the action would not have been barred. Newport News v. Commonwealth, 14 Ky. L. R. 196, does not support the decision of the Iowa court. In it the first indictment was defective and the case resubmitted to the grand jury. The second indictment was returned after the statute had run. It made no mention of the previous indictment. The Kentucky court held that a conviction was barred but stated that if the second indictment had made reference to the first one so that it was thereby made a continuation of the first one, then the statute of limitations would not have barred conviction. An amended indictment such as we have here certainly makes reference to the indictment returned for it is the indictment as amended.

In several other cases the Kentucky court has adopted a view exactly contrary to that of Iowa. In Smithers v. Commonwealth, 12 Ky. L. R. 636, the court stated:

"Where an indictment is dismissed and the case again referred to the grand jury and a new indictment found, the prosecution is to be regarded as having been instituted at the date of the first indictment, *  *  *."

Again, in Tully v. Commonwealth, 76 Ky. 142, 153, the court restated its position to the effect that:

"The plea of the statute of limitations was clearly unavailing. The record exhibited shows that the indictment was returned by the grand jury within less than one year after the alleged unlawful acts were done, and although the first indictment was fatally defective, yet the prosecution has actually been on foot and has been continuously kept up since the return of that indictment."

In Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47, 49, it was stated:

"Ordinarily where a demurrer is sustained to an indictment with leave to resubmit, the case is at once presented to the grand jury and a new indictment returned, in which event the indictment so returned relates back to the date upon which the original indictment was returned."

See also Berkley v. Commonwealth, 164 Ky. 191, 175 S. W. 364; Hickey v. State, 131 Tenn. 112, 174 S. W. 269. In order to give an affirmative answer to the question certified it is not necessary for us to go even as far as has the Kentucky court.

State v. Curtis, 30 La. Ann. 1166, cited by the Iowa court, held that a fatally defective information or indictment will not toll the statute of limitations. However, the decision followed the rule of Louisiana in civil cases; and, as stated before, if we are to follow the rule of civil cases in this state the statute should be tolled under the circumstances of this case.

In City of Keokuk v. Schultz, 188 Iowa, 937, 176 N. W. 946, a criminal proceeding was dismissed by mistake. Later it was reinstated after the period limited by the statute of limitation had run against the offense. The Iowa court there held that the reinstatement operated to place the case just as it was at the time the original complaint was made. No reference was made to the earlier case of State v. Disbrow, 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190. Cf. State v. Simpson, 166 Ind. 211, 76 N. E. 544, 1005.

In Davenport v. State, 20 Okl. Cr. 253, 202 P. 18, 25, the information upon which the defendant was accused was defective and a new

one was returned more than three years after the commission of the offense, which was the time limited by statute. The court held that such a fact was not a bar to conviction, and stated [20 Okl. Cr. 272]:

"The question presented not having been determined heretofore by us, this court now announces the rule that, where a demurrer is sustained to an indictment or information for a felony, and the court, at the time of sustaining the demurrer, directs the case to be resubmitted to the same or another grand jury or that a new information be filed and a new indictment is returned or a new information is filed in obedience to such direction of the court, the prosecution is continuous and relates back to the time of the return of the defective indictment or, in case of an examining trial, to the original commencement of the trial before the examining magistrate."

State v. Bilboa, 38 Idaho, 92, 213 P. 1025, 222 P. 785, 786, is not contrary to the position here adopted. There an entirely new information was filed after a demurrer had been sustained to the first one. The second was filed after the time limited by statute had run against the offense. The court relied upon State v. Disbrow, 130 Iowa, 19, 106 N. W. 263, 8 Ann. Cas. 190, and held that the offense had been barred. However, in State v. Bilboa, 38 Idaho, 92, the court indicated that had the facts been as they are in the instant case the decision would have been different, for in its opinion the court stated [38 Idaho, 101]:

"There is no connection between the information filed January 29, 1917 [the one to which a demurrer was sustained], and the information filed September 20, 1920 [returned after the time limited by statute had passed]. The latter is in no sense an amended information relating back to the date of the filing of the former."

In the instant case the indictment with which we are concerned was an amended indictment which not only related back but was the original indictment itself.

The legislature probably appreciated the fact that indictments are not always aptly worded and saw fit to provide a method whereby they could be corrected. We do not believe that it could have

intended that the remedy thus afforded should be practically nullified by resort to the statute of limitations.

The only other problem raised by the certified questions is whether it was necessary to give the defendant a copy of the indictment as amended. 2 Mason Minn. St. 1927, § 10679, provides that when a defendant is arraigned a copy of the indictment shall be delivered to him. The defendant was given a copy of the indictment as originally returned but was not given a copy of it as amended. It was not necessary. He did not request it. He had been apprised of the nature of the offense with which he was charged. He opposed the motion to amend the indictment and knew just what amendments were allowed. Certainly it cannot be said that defendant suffered any substantial prejudice because of the failure to hand him a copy of the amended indictment. That being true, the failure to do so was not jurisdictional. However, for guidance in the future it might be well to suggest the advisability of giving defendants copies of amended indictments lest occasions arise in which substantial prejudice results from the failure to do so.

The questions have not been answered one by one for the reason that they were of a very general nature. We merely point out that the amendment to § 10648 is constitutional; courts by virtue of it have power to allow amendments to indictments as to matters of substance as was done here and at the time it was done.

STONE, JUSTICE, took no part in the consideration or decision of this case.