## SMITH
### v.
## LOUISVILLE TRUST CO. et al.

Court of Appeals of Kentucky.

Nov. 20, 1953.

Walter B. Smith, Louisville, for appellant.

Davis, Boehl, Viser & Marcus, Bullitt, Dawson & Tarrant, Louisville, for appellees.

CULLEN, Commissioner.

The question on this appeal concerns the proper method of restoration of certain original papers in the matter of the estate of John A. O'Brien, deceased, which disappeared from the Jefferson Circuit Court after they had been transmitted to that court on an appeal from the county court. The appellant, Mrs. Smith, has an interest in the estate.

The circuit court directed its commissioner to hold hearings and take evidence for the purpose of "replacing and supplying authentic and certified copies" of the missing papers. The commissioner called in the parties and their attorneys and suggested that they furnish carbon copies of such of the papers as were in their own files, with each side being given the opportunity to examine and compare any copies furnished by the other side. This was done. The administrators and their attorneys supplied 28 copies, and Mrs. Smith and her attorney supplied 13. After examination by both sides, and after some minor correc-

tions, the commissioner made a finding that the 41 papers so supplied were true and correct copies of the originals. His report was filed with the court, accompanied by the 41 papers.

Mrs. Smith filed objections and exceptions to the report, on the ground that the administrators and their attorneys should have been required to "sign and certify" the copies furnished by them, and that Mrs. Smith's attorney should have been permitted to "sign and certify" the copies furnished by him and by Mrs. Smith. The court overruled the objections and entered an order which confirmed the report of the commissioner and found that the supplied papers were "true, correct, and authentic copies" of the missing originals.

On this appeal from the order, by Mrs. Smith, the sole contention is that the parties who furnished the copies should have been required to sign and certify them.

■ We will state at the outset that in our opinion the procedure followed by the court and its commissioner in restoring the missing papers was proper. Although the statutes, KRS 422.200 and 422.240, provide methods for supplying lost records, it has been held that the statutory methods are not exclusive. See Deshong v. Cain, 1 Duv. 309, 62 Ky. 309; Com. v. Keger, 1 Duv. 240, 62 Ky. 240; Bush v. Lisle, 86 Ky. 504, 6 S.W. 330; Moore v. Shepherd, 189 Ky. 593, 225 S.W. 484; May v. May, 150 Ky. 522, 150 S.W. 685.

■ We are not informed of any reason why the party who supplies a copy of a lost record should be required to sign and certify it, under the method of restoration employed in this case. The finding by the court that the papers are true and correct copies constitutes a sufficient certification, and no greater validity or effect would be imported to the copies by virtue of their being signed.

■ However, we think it is essential that the supplied copies be complete to the extent that they show, in typed form, any

signatures that were on the originals. For example, if one of the original papers was a signed letter, the copy should have the signature typed upon it, because otherwise it is not a true and correct copy.

The copies supplied in the case before us do not appear in the record on appeal, so we do not know whether they show the necessary signatures. However, from the arguments we gather that they do not. Under these circumstances, it is our opinion that the supplied copies are not completely true and correct.

The order appealed from is reversed, with directions that the court, either directly or through its commissioner, take such further proof as may be necessary to ascertain what signatures appeared upon the original papers, and cause such signatures to be typed upon the supplied copies.