## STATE EX REL. JOHN ROCKY LACKLINEO v.
## RALPH H. TAHASH.

126 N. W. (2d) 646.

January 24, 1964—No. 39,072.

*Earl R. Anderson,* for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of State Prison.

ROGOSHESKE, JUSTICE.

The district court denied petitioner's pro se application for a writ

of habeas corpus without a hearing and he appeals. He perfected his appeal and filed a brief, and thereafter, upon his application averring indigence, counsel was appointed to assist him and to represent him upon oral argument before this court.

The district court found that the allegations of the petition, when examined in the light of the record, did not establish any jurisdictional defects resulting in a denial of any substantial or constitutional rights guaranteed petitioner. In accordance with previously approved practice,[1] the court concluded that the petition and supporting documents did not establish probable cause of illegal detention and that therefore the petition should be denied without a hearing. Because the record in all significant respects establishes the defects alleged in the petition, an evidentiary hearing was unnecessary although such a hearing is now declared to be required usually in habeas proceedings in the Federal courts.[2]

The record confirms petitioner's allegations (1) that the information charging first-degree robbery was not, as required by Minn. St. 630.11, read to him and that he did not expressly waive the reading thereof; (2) that the information, a copy of which he received at the commencement of arraignment, did not have the names of the state's witnesses endorsed thereon; and (3) that upon his initial appearance on arraignment, a plea of not guilty was entered by the court without his request at a time during arraignment when he did not have the assistance of counsel. Petitioner further alleges by way of argument that by reason of these defects he was deprived of effective assistance of counsel and that his constitutional right to due process of law was thereby violated.

Petitioner was charged by information with the crime of first-degree robbery. The information alleged in substance that on February 4, 1958, he and Charles Widell, both armed with loaded revolvers, entered the Main Liquor Store in Minneapolis and stole $1,095 in cash by forc-

---

[1] State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149.

[2] Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837.

ing an employee of the store to hand the money over to them. The record does not reveal whether a preliminary hearing was held or waived. It does show that petitioner appeared for arraignment before the district court on March 5, 1958. The verbatim transcript of all proceedings before that court discloses that when petitioner appeared the prosecution moved for arraignment; thereupon the clerk advised petitioner that an information was filed against him and, by questions, ascertained his true and correct name and his date of birth and handed him a copy of the information. By further questions, the clerk elicited from petitioner that he had no attorney and did not intend to employ one. Although it does not appear that petitioner was advised of the purpose, he was thereupon sworn and the court addressed questions to him for the obvious purpose of determining his financial ability to employ counsel. The following then occurred:

"THE COURT: A plea of not guilty will be entered. The public defender will be appointed to represent you.

"MR. JONES [assistant county attorney]: Recommend bail at this time in the amount of $5,000.00, Your Honor.

"THE COURT: Bail will be fixed in the amount of $5,000.00.

"MR. JONES: Request it be passed until Friday at 9:00 o'clock.

"THE COURT: This will be continued until March 7th at 9:00 o'clock in this Courtroom. You will be contacted by Mr. Lohmann, the Public Defender."

When arraignment was resumed on March 10, 1958, defendant reappeared with counsel and the following occurred:

"MR. JONES: John Lacklineo. I understand from counsel, Your Honor, that Mr. Lacklineo now wishes to withdraw his plea of not guilty as previously entered and enter a plea of guilty as charged to the felony of robbery in the first degree.

"THE CLERK: Is that your desire, to withdraw your plea of not guilty and plead guilty as charged.

"THE DEFENDANT: Yes, sir."

Immediately thereafter, without his being required to make a formal

plea of guilty,[3] petitioner was questioned under oath, by his counsel and the court, concerning his knowledge and understanding of the crime charged and the punishment which could be imposed; his fundamental rights under the law; whether his plea was voluntary; and the details of the crime. Upon request by petitioner's counsel, a presentence investigation was ordered, and on April 25, 1958, when the report was received by the court, plaintiff reappeared with counsel and was sentenced to an indeterminate term of 40 years and ordered committed.

From the testimony of petitioner following his assent to plead guilty, it unmistakably and unequivocally appears that he acknowledged his guilt—specifically describing the details of his part in the robbery and thereby admitting every essential element of the crime charged—after having consulted with the public defender, whom he regarded as "competent." He further acknowledged that before he assented to plead guilty his counsel had accorded him "fair and careful consideration" and fully informed and advised him of the nature of the charge, the penalty which could be imposed, and his rights under the law.

In the light of this record we find no justification for regarding the defects complained of as more than irregularities, none of which, individually or in combination, establishes that petitioner suffered such prejudice as would constitute a denial of due process.

■ It is true that § 630.11, read in conjunction with § 628.30, explicitly requires that the information must be read to an accused unless a reading is waived. The clear purpose of this provision and of the requirement that the accused receive a copy of the information is to apprise him of the precise charge made against him. The failure to read the information can only be explained as an oversight.[4] The pe-

---

[3]Minn. St. 630.29.

[4]Perhaps such oversight was occasioned by an arraignment procedure which we have observed is, with slight variation, frequently employed. When an accused appears for arraignment without counsel, the likelihood of irregularities might be minimized if, immediately following the accused's identity with the charge and the bind-over proceeding, emphasis were placed upon informing the accused of his right to counsel as specifically required by § 630.10. State v. Moosbrugger, 263 Minn. 56, 116 N. W.

titioner was given a copy of the information, and undoubtedly it was used as a basis for his counsel's explanation of the charge filed. It is clear from the record that he understood the nature of the offense and the facts of the crime charged before he admitted his guilt. The information appears valid and sufficient on its face. No specific claim of prejudice is made and we fail to see under this record how the defendant could have suffered any prejudice. In State v. Heffelfinger, 197 Minn. 173, 266 N. W. 751, a nonprejudicial failure to furnish a copy of an amended indictment was held not to affect the court's jurisdiction over the person and the crime. We conclude that a mere failure to read the information, where no prejudice is shown, is likewise a nonjurisdictional defect.[5]

■ Petitioner at no time prior to his conviction and sentence requested that the names of the state's witnesses to the crime be endorsed upon the information. His assertion that such is required by § 628.08 is in conflict with our prior decisions which hold such endorsement is not required where the proceeding is initiated by information. State v. Workman, 157 Minn. 168, 195 N. W. 776; State v. Ruddy, 160 Minn. 435, 200 N. W. 631.

■ Petitioner argues that because he was without the assistance of counsel upon arraignment, he failed to object when the information was

---

(2d) 68. See, also, Kamisar and Choper, *The Right to Counsel in Minnesota: Some Field Findings and Legal-Policy Observations*, 48 Minn. L. Rev. 1, 34. Further, before the accused is sworn and questioned concerning indigence, a brief explanation of the necessity therefor should be made to him and entered upon the record. Except as authorized by § 630.34 (when an accused refuses to answer the charge) the court ought not to enter a plea of not guilty, or any plea, and a plea of guilty must be personally and formally made by the accused. A mere assent thereto, or declaration of an intention to so plead, does not comply with § 630.29. See, also, State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99.

[5]Our primary concern is whether the accused was sufficiently informed of the charge against him before the plea of guilty, not whether there was strict compliance with statutory requirements. Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772; Cole v. Arkansas, 333 U. S. 196, 68 S. Ct. 514, 92 L. ed. 644.

not read and a plea of not guilty was entered without his consent, thereby foreclosing an examination of the proceedings prior to arraignment with the aid of counsel and the opportunity, if so advised, to challenge jurisdiction, to challenge the sufficiency of the information, or to take advantage of numerous other procedural steps available to him as of right at the time of arraignment but thereafter only at the discretion of the court. He contends that under due process an accused "requires the guiding hand of counsel at every step in the proceedings against him" as declared in Powell v. Alabama, 287 U. S. 45, 69, 53 S. Ct. 55, 64, 77 L. ed. 158, 170.[6] The manifest and fatal weakness of this argument is that it exalts theoretical possibilities and ignores what in fact occurred. Counsel was appointed immediately after it was determined that petitioner was indigent and before arraignment was completed or had reached the stage where it could be regarded as reasonably likely that any available defenses might be waived or irretrievably lost. Petitioner acknowledges that counsel did in fact give him full aid and assistance prior to the time a plea of guilty was entered. There is no showing whatsoever that any procedural steps required to be taken before a plea is entered could not have been taken, or that he requested any to be taken, or, in fact, that any such steps were warranted. Although a plea of not guilty was entered by the court, a fair reading of the record indicates that it was not done with any purpose of foreclosing petitioner's right to make any motions or assert any defenses by way of answer to the information. There is no intimation that the court would not have vacated the not-guilty plea upon request. As pointed out above,[7] it is not proper practice for the court to enter a plea of not guilty for an accused. When it is done under a belief that it is for the protection of the rights of the accused, as apparently was the case here, upon the continuance of the arraignment the court

---

[6]We are mindful that in capital cases it has been held that a plea of not guilty made without benefit of counsel upon an arraignment regarded as a "critical stage" of the proceeding under state law results in a deprivation of constitutional rights even though no prejudice was shown. Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114; White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193.

[7]See footnote 4, *supra.*

should vacate such a plea sua sponte or inform the accused that it will be vacated if he desires to make any motions or assert any defenses preliminary to a final plea. We have held in State ex rel. Christopherson v. Tahash, 261 Minn. 233, 111 N. W. (2d) 404, that a plea of not guilty made at arraignment at a time when accused is not represented by counsel does not amount to a deprivation of constitutional rights.[8] Under the circumstances, the entry of the not-guilty plea by the court without counsel being present is purely a technical objection, which would have been readily corrected upon petitioner's request after counsel was appointed.

Petitioner's complaints that counsel was ineffective in not insuring that the procedures required by statute be strictly followed, or that counsel's assistance was rendered ineffectual because of the defects in the procedure, amount to no more than mere subjective assertions, which of themselves we could not regard as proof of deprivation of his constitutional right to assistance of counsel. The record establishes that no rights of petitioner were waived or lost. It refutes any claim that counsel did not serve him faithfully and effectively. Since petitioner suffered no prejudice to any fundamental rights safeguarded by the state and Federal constitutions, it follows that his conviction and detention are lawful.

Affirmed.

---

[8] See, also, State v. Osgood, 266 Minn. 315, 123 N. W. (2d) 593; State v. Perra, 266 Minn. 545, 125 N. W. (2d) 44.