**John Rocky LACKLINEO, Appellant,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Prison, Appellee.**

**No. 17709.**

United States Court of Appeals Eighth Circuit.

Oct. 6, 1965.

John Rocky Lacklineo, pro se.

Walter F. Mondale, Atty. Gen., State of Minnesota, and Charles E. Houston, Sp. Asst. Atty. Gen., for appellee.

Before JOHNSEN, MATTHES and RIDGE, Circuit Judges.

JOHNSEN, Circuit Judge.

The District Court denied appellant's petition for a writ of habeas corpus without an evidentiary hearing. Whether the petition was entitled to be thus disposed of seemed to us a question of sufficient substance in the situation so that we granted appellant's application for a certificate of probable cause to enable him to take an appeal.

Appellant is an inmate of the Minnesota State Prison, under an indeterminate sentence of 40 years, on a conviction for first-degree robbery. The charge against him had been made by information, and the conviction rested on a plea of guilty to the charge.

As did the District Court here, a Minnesota trial court had denied a petition by appellant for habeas corpus relief without a hearing. The grounds which he asserted there, as summarized by the Minnesota Supreme Court in affirming the trial court's order, were: "(1) that the information charging first-degree robbery was not, as required by Minn. St. 630.11, read to him and that he did not expressly waive the reading thereof; (2) that the information, a copy of which he received at the commencement of arraignment, did not have the names of the state's witnesses endorsed thereon; and (3) that upon his initial appearance on arraignment, a plea of not guilty was entered by the court without his request at a time during arraignment when he did not have the assistance of counsel". State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 126 N.W.2d 646, 648 (1964).

The Minnesota Supreme Court said that the record (the information, arraignment and sentencing) showed each of these alleged aspects to be the fact, and it accepted them as such. On this basis, it declared that "an evidentiary hearing was unnecessary". Ibid. It then went on to hold that none of the things complained of was, however, a substantive requirement under Minnesota law, so as to go to the court's jurisdiction, and that only procedural irregularities therefore could be contended to be involved. The irregularities which had occurred would not, it said, give rise to any question of due-process violation, if they had not occasioned prejudice to appellant in opportunity or capacity to assert his rights—of which there was neither specific claim nor indication.

Appellant had apparently attempted to argue, as he does here, that by the court's entry of a plea of not guilty for him, he had been foreclosed of the right, under M.S.A. §§ 630.13 and 628.30, to make attack upon the information by motion or demurrer. The Minnesota Supreme Court, however, said that this was not the case; that under Minnesota law the trial court would have had to vacate such a plea sua sponte if appellant desired "to make any motions or assert any defenses preliminary to a final plea"; and that "[u]nder the circumstances, the entry of the not-guilty plea by the court without counsel being present is purely a technical objection which would have been readily corrected upon petitioner's request after counsel was appointed". 126 N.W.2d at 650–651.

Thus, there is no basis for appellant to argue that he was foreclosed

of any right—even a procedural one. But beyond this, as to all of the incidents asserted in his state petition—the failure initially to read the information to him; the failure of the information to set out the names of the witnesses on whose statements or affidavits it was predicated; and the entering of a plea of not guilty by the court without his request and before the appointment of counsel for him—these became superceded, lost any significance they could have, and were rendered moot, when appellant thereafter with counsel representation sought and obtained vacation of the not-guilty plea and made a plea of guilty to the charge: Provided, of course, that such action rested on necessary knowledge, intelligent comprehension and free volition by him in what was done.

The situation therefore does not afford basis for a contention of due-process violation unless some constitutional infirmity inhered in the circumstances of the making of his final plea. In his federal habeas corpus petition, appellant did make attack upon the validity of the plea by alleging that his court-appointed counsel "induced petitioner to plead guilty by promise of 10 years probation"; that "[t]he court-appointed counsel for petitioner promised him that he would get 10 years probation if he pleaded guilty"; and that "[b]eing indigent and without friends or relatives petitioner was coerced to make a plea of guilty and then sentenced to a maximum term with no probation as promised".

The claim that the plea of guilty had not been an act of free volition but had been improperly induced by a promise that he would be placed on probation and would not be subjected to imprisonment had not been asserted in the state habeas corpus petition. But in its opinion, the Minnesota Supreme Court had taken occasion to state (126 N.W.2d at 649):

"From the testimony of petitioner following his assent to plead guilty, it unmistakably and unequivocally appears that he acknowledged his guilt—specifically describing the details of his part in the robbery and thereby admitting every essential element of the crime charged—after having consulted with the public defender, whom he regarded as 'competent.' He further acknowledged that before he assented to plead guilty his counsel had accorded him 'fair and careful consideration' and fully informed and advised him of the nature of the charge, the penalty which could be imposed, and his rights under the law."

The District Court was of the view that these statements by the Minnesota Supreme Court "completely refuted" appellant's claim that his plea had been induced by a promise of non-imprisonment, and it therefore regarded his contention on this aspect as not calling for a federal hearing and determination.

As noted above, however, the question of inducement and volition was not one which was before the Minnesota courts as an issue in the state habeas corpus proceeding. The statements quoted from the opinion did not therefore represent findings of fact made in a processive resolution of that issue. They thus did not constitute such a determination as would entitle the District Court, under the principles of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, to close the door upon a challenge as to the facts involved in the question. "No relevant findings have been made unless the state court decided the constitutional claim tendered by the defendant on its merits". 372 U.S. at 314, 83 S.Ct. at 757. In whatever expression a state court may commentingly engage, it cannot under Townsend v. Sain, in federal habeas corpus significance, be regarded as having "reliably found" the facts, so as to entitle these to precluding acceptance, of an issue which is not before it for determination.

Of course, the question of inducement and volition was a matter which would be properly before the convicting court in relation to its acceptance of appellant's plea. It would in consequence be possible for that court to have engaged in

such a hearing and determination of the facts on the question as could entitle the District Court to make acceptance thereof. But this would be something of which in general the District Court would have to satisfy itself directly—that is, from a scrutiny of the record of the conviction proceedings. "Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable in determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings". 372 U.S. at 319, 82 S.Ct. at 760.

It may be that the record of the conviction proceedings will here show such a probative examination, development and resolution of the question of inducement and volition as not to leave basis rationally for appellant's contention to be other than frivolous and hence to make it legally lacking in good faith. However, if the statement from the Minnesota Supreme Court's opinion is a comprehensive summary of the record, there is a possibility that the question of inducement and volition has been only inferentially and not specifically probed. At least, the statement does not enable it to be said that the aspect of promises was directly and adequately explored. Nor would an admission by appellant that he had been advised of the penalty which could be imposed be in itself so inconsistent with a contention that an inducing promise of probation had been involved which was not brought out, so as not to leave room legally for such an assertion. The question of inducement and volition can therefore be one on which the record of the conviction and sentencing proceedings will not entitle the District Court to deny a hearing.

■ We have mentioned that appellant had not sought to make the question of inducement and volition an issue for determination and relief in the Minnesota state courts. The District Court did not in its order of denial discuss the exhaustion of state remedies under 28 U.S. C.A. § 2254 in relation to the question. From the significance which it accorded to the statements of the Minnesota Supreme Court, however, it would seem that it regarded them as having the effect of closing the door of the state courts to any such contention by appellant.

On this basis, the assertion of the contention in appellant's federal habeas corpus petition would not be a "deliberate by-passing of the state court system", Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, and the District Court would therefore be entitled to consider and determine the question.

Reversed and remanded.