Argued October 27, 1964, reversed with instructions January 20, 1965

# STATE OF OREGON *v.* SILVER
### 398 P. 2d 178

*Thomas E. Brownhill,* Eugene, argued the cause for appellant. On the briefs were Paul A. Thalhofer, Pendleton, and Riddlesbarger, Pederson, Brownhill & Ingerson, Eugene.

*Michael S. Killoran,* Deputy District Attorney, Pendleton, argued the cause for respondent. With him on the brief was Richard J. Courson, District Attorney, Pendleton.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

PERRY, J.

The defendant was convicted of the crime of obtaining money under false pretenses, and from the judgment entered on the verdict appeals.

The defendant's first assignment is that the trial court erred in failing to sustain his demurrer to the indictment based on his contention that the criminal action was not commenced within three years after the crime was alleged to have been committed.

The facts upon which this issue rests are not in dispute. The crime was alleged to have been committed on February 17, 1960. On November 15, 1962, an indictment was returned by the grand jury charging the defendant with committing the crime of obtaining money under false pretenses. This indictment was dismissed at the request of the state on March 20, 1963, and by order of the trial court was resubmitted to the grand jury. On April 3, 1963, the grand jury returned the indictment upon which the defendant was convicted, stating in the indictment that this was the same

crime as had been considered by the former grand jury.

These facts disclose that the indictment returned, upon which the defendant was convicted, was found and filed more than three years after the alleged crime was committed.

The state contends that the prosecution of the defendant was commenced when the indictment of November 15, 1962, was found and filed.

It is the general rule, that, in the absence of a statute which expressly tolls the statute of limitations, such as is now provided in federal criminal procedure, the filing of an indictment upon which no conviction or judgment can be had by reason of its dismissal will not operate to bar the operation of the statute, and, therefore, a subsequent indictment returned for the same crime, even though authorized by a court order of resubmission after the statutory period has expired, is insufficient to sustain a conviction. *United States v. Ballard,* 3 McLean 469, Fed. Cas. No. 14,507; *United States v. Baker,* 50 F2d 122; *State v. Bilbao,* 38 Idaho 98, 222 P 785 (reversing judgment on rehearing in 38 Idaho 92, 213 P 1025); *State v. Disbrow,* 130 Iowa 19, 106 NW 263, 8 Ann Cas 190; *State v. Baker,* 30 La Ann 1134, overruling *State v. Cason,* 28 La Ann 40; *State v. Morris,* 104 NC 837, 10 SE 454; *Redfield v. State,* 24 Tex 133.

On the other hand, the courts of Tennessee and Oklahoma have reached the opposite conclusion, based upon the statutes of those states. *Thacker v. Marshall,* Okla Cr, 331 P2d 488; *Hickey v. State,* 131 Tenn 112, 174 SW 269.

Statutes of limitation are of statutory origin and divergent results reached by different state jurisdic-

tions rest on construction of statutes which determine when a prosecution is deemed commenced.

An examination of the statutory requirements set out in *Hickey v. State,* supra, discloses that a prosecution is commenced in Tennessee by the issuance of a warrant or by binding over the offender.

In *Thacker v. Marshall,* supra, the court points out that a prosecution is commenced under the Oklahoma statute at the time the preliminary complaint or information is filed with the magistrate in good faith and a warrant issued thereon.

It is, therefore, clear that under such statutes the dismissal of an indictment because of defect is but an interim occurrence in the course of a prosecution commenced with the filing of a complaint and issuance of a warrant.

■ ORS 131.130 provides:

"An action is commenced, within the meaning of ORS 131.110 and 131.120, when the indictment is found and filed with the clerk of the court or, in cases triable without indictment, when the indictment or complaint is filed or lodged in the court or with the officer having jurisdiction of the action."

This statute clearly states that a felony which must be prosecuted by indictment, as in this case, is commenced only after an indictment is found by the grand jury and the indictment is filed with the clerk of the court. Therefore, excluding murder or manslaughter, unless a felony indictment is returned and filed within three years, no prosecution may be had for the offense. ORS 131.110.

Our statute is almost identical in its requirements with that of the state of Iowa. That court held in *State*

*v. Disbrow,* supra, 130 Iowa 19, 106 NW 263, in keeping with the majority rule, that the finding and filing of an invalid indictment did not toll the statute of limitations, and, therefore, the order of the trial court remanding the matter to the grand jury would not extend the time limitation. The court stated, page 266:

> "It seems to us a reasonable and just proposition that, in the absence of any statute saving such right to the state, the running of the statute of limitations ought not to be interrupted or suspended by the return and pendency of an indictment upon which no valid conviction or judgment can be founded. Such an indictment is no indictment. It is a nullity, and, while it may serve as authority for the trial court to continue the defendant in custody and cause a resubmission of the case to the grand jury, such order is in effect the mere direction that the original inquiry shall be resumed as if the defective indictment had never been voted or returned into court. It is no more than a restoration of the case to the status it occupied at the time it was originally submitted. The grand jury takes it up anew, and may present or ignore the bill, without any reference whatever to the fact that one indictment has been presented and set aside. Cases are not wanting which tend to sustain this view. United States v. Ballard, Fed. Cas. No. 14,507; State v. Curtis, 30 La. Ann. 1166; Com. v. Keger, 62 Ky. 240; Newport News & M.V.R.R. Co. v. Commonwealth, 14 Ky. Law Rep. 197. But, without reference to the precedents from other states, out statute admits of no other conclusion than the one we have indicated."

■ Certainly, in this jurisdiction the subsequent grand jury is at liberty not to reindict the person charged with the crime, for ORS 135.550 provides that unless a new indictment is found before the next grand jury is discharged, the court shall, on the discharge of

such grand jury, make an order discharging the defendant, as prescribed in ORS 135.530.

We have also stated in *State v. Nichols,* 236 Or 521, 527 and 529, 388 P2d 739, 742 and 743:

"* * * where an indictment is dismissed and the matter is resubmitted to the grand jury the prosecution is in the same posture in which it would have been if the defendant had never been indicted. Such a defendant merely has been arrested and held to answer. In this case he has been held to answer for a homicide. Before a magistrate he has twice been 'bound over' to the grand jury. The defendant has not been convicted or acquitted. The grand jury is free, therefore, within the limitations of the statutes setting forth its duties, to indict for any crime of which it believes the accused to be guilty. See ORS 132.380.

"* * * * * *

"* * * where the facts alleged in the first indictment have never been tried by a jury, the defendant's status as an accused when the first indictment is held to be defective should be the same as it was before he was indicted."

■■ After the indictment of November 15, 1962, was dismissed, no prosecution could be maintained thereon. After dismissal, the only authority of the court was to order a resubmission of the matter to the grand jury and to fix bail under the provisions of ORS 135.540. The purpose of ORS 135.540 is simply to dispense with the reissuance of a new complaint and warrant, and the requirement that defendant be taken before a magistrate for admission to bail and other procedures authorized following arrest.

There is no language to be found in the statute to the effect that after dismissal of an indictment brought within the allowable time "the new indictment shall not

be barred by any statute of limitations." 18 USCA § 3288.

■ Since there is no saving clause in our statutes, the statute of limitations had run when the subsequent indictment was found and filed.

The trial court was, therefore, in error in failing to sustain the defendant's motion.

The defendant assigns other alleged errors, but we need not consider them.

The judgment is reversed with instructions to discharge the defendant.