263

Argued and submitted October 17, 1988, affirmed April 26, 1989

HARRIS et ux,
*Appellants,*

*v.*

CRIST et al,
*Respondents.*

(87-4-212; CA A47341)

772 P2d 446

James A. Cox, Lake Oswego, argued the cause for appellants. With him on the briefs were Lawrence K. Peterson and Cox, Peterson & Sussman, Lake Oswego.

Paul D. Schultz, Oregon City, argued the cause for respondents. With him on the brief was Hibbard, Caldwell, Bowerman & Schultz, Oregon City.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal a judgment for defendants in this action to set aside a transfer of real property as a fraudulent conveyance. After the case was tried but before the court entered judgment, plaintiffs moved for reconsideration or, in the alternative, for a new trial. As part of that motion, they moved "to amend the complaint to conform to the proof." The court denied the motions and entered judgment for defendants. We affirm.

Plaintiffs' complaint alleged that, on April 30, 1985, they obtained a judgment in Canada against defendants; that the debt upon which the judgment was based was incurred by William Crist (William) on or about May 19, 1983; that a certified transcript of the judgment had been docketed and entered in Clackamas County; that William had owned real property in Clackamas County; that he had conveyed it to defendant Velma Crist (Velma) "without consideration or with inadequate consideration and [the conveyance] was intended by [William] to hinder, delay and defraud the defendants' creditors, including plaintiffs in the collection of [the] obligation." In their answer, defendants admitted that William gave a deed to Velma on May 6, 1986, but denied all of the remaining allegations with respect to that deed.

In its case-in-chief, plaintiffs' evidence concerned the deed from William to Velma. Plaintiffs showed that, on May 6, 1986, Velma owned the real property and conveyed it to William, who immediately reconveyed it to Velma. Plaintiffs' evidence did not show any other conveyance of the real property between defendants. They also introduced a copy of a 1983 deed from a third party that conveyed the real property to William and Velma, as husband and wife, subject to a mortgage to the Oregon Department of Veterans' Affairs. Plaintiffs' evidence also showed that, in 1983, defendants were not husband and wife and had been divorced in 1971. To explain why Velma owned the property at the time of the 1986 exchange, defendants, in their answering case, introduced an April, 1985, quitclaim deed from William to Velma.[1]

---

[1] Regardless of the recitation of "husband and wife" in the 1983 deed, defendants then owned the real property as tenants in common. As a result of the 1985 deed, Velma owned all of the real property.

Plaintiffs assert that the court erred in entering judgment for defendants, because the evidence was "insufficient to support the judgment and [the] decision was contrary to the applicable law." The evidence showed, however, that defendants' purpose for the 1986 exchange of deeds was to obtain a reduction in the rate of interest on the Oregon Department of Veterans' Affairs mortgage. The court stated:

> "Well, from the evidence that I have here, I really feel that [plaintiffs] should be able to set this aside, but I'm not going to be able to grant it. I think the quitclaim deed was [the defrauding document] back in April, 1985.
>
> "The way it's pled, this document, the transfer in '86 was not to hinder, delay or defraud [plaintiffs]. And I assume the Department of Veterans [Affairs] advised them what to do, but that's not relevant to this case as to why that transfer was made.
>
> "[Velma] owned the property before, and she gave it to [William] for one minute, and I don't think they were even thinking about [plaintiffs] when that was done. Obviously they weren't or they wouldn't have done it that way.
>
> "I think the quitclaim deed was probably to try to get it out of their hands so [plaintiffs] couldn't collect. I don't have proof on that. I'm going to have to deny the—find for the defendants on this, because I don't feel that the conveyance pled in this on May 6, 1986, was done to hinder, delay [plaintiffs].
>
> "I hate to have to do that, but that's what the law states."

The evidence does not show that William gave the 1986 deed to Velma with actual intent to hinder, delay or defraud creditors. *See* ORS 95.230(1)(a). Furthermore, William gave his 1986 deed to Velma in exchange for her immediately preceding deed to him. Accordingly, he gave his deed for a present "reasonably equivalent value," ORS 95.230(1)(b), ORS 95.240(1) and ORS 95.240(2), and the evidence does not show that his transfer violated any of those sections.

The court did not abuse its discretion when it denied plaintiffs' motion to amend the pleadings to conform to the proof. ORCP 23B provides, in part:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause

them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Here, there was no evidence to which the court could conform the pleadings. *Dept. of Human Resources v. Strasser,* 83 Or App 361, 364, 732 P2d 38 (1987). As the court stated:

"I think that the [1985] deed was probably to try to get it out of their hands so that [plaintiffs] couldn't collect. I don't have proof on that."

Clearly, the issue of whether the 1985 quitclaim deed was a fraudulent conveyance was not "tried by express or implied consent of the parties."[2] Defendants' counsel reminded the court several times at trial that the only issue was whether the 1986 deed from William to Velma was a fraudulent conveyance. Plaintiffs' pleading made no reference to the 1985 quitclaim deed. In their case-in-chief, they also made no reference to that deed and did not put it in evidence. Accordingly, defendants were under no responsibility to show in their defense case that the 1985 quitclaim deed was not fraudulent, even if the relationship between William and Velma could have created that responsibility had plaintiffs pleaded and proved their case differently.

Plaintiffs also assert that the court erred in denying their motion for reconsideration and their alternative motion for new trial. Even if their motion for reconsideration was a motion for a new trial, *see Schmidling v. Dove,* 65 Or App 1, 5, 670 P2d 166 (1983); *but see Alternative Realty v. Michaels,* 90 Or App 280, 753 P2d 419 (1988), in their brief on appeal they do not argue that they are entitled to a new trial. Apparently, what they are asserting here is simply that, on the record, the court made the wrong decision. Even assuming that we may review the court's denial of the motion to reconsider, *see Erwin v. Thomas,* 267 Or 311, 314, 516 P2d 1297 (1973), *Bednarz v. Bay Area Motors, Inc.,* 95 Or App 159, 768 P2d 422 (1989), it did not err. Its decision is correct and is not against law. *See* ORCP 64C; ORCP 64B(5).

Affirmed.

---

[2] *Former* ORS 95.070, which was in effect during 1985, applies to the 1985 quitclaim deed.