Argued and submitted September 5, affirmed on appeal and cross-appeal
December 5, 2001

JOEL TERENCE ABBOTT,
*Respondent - Cross-Appellant,*

*v.*

G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Appellant - Cross-Respondent.*

CV 971185; A106281

36 P3d 516

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant - cross-respondent. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Harrison Latto argued the cause for respondent - cross-appellant. On the brief were D. Olcott Thompson and Joel Terence Abbott *pro se*.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

BREWER, J.

---

* Deits, C. J., *vice* Warren, S. J.

**BREWER, J.**

The state appeals from a judgment granting petitioner's request for post-conviction relief and vacating petitioner's convictions for two counts of first-degree sexual abuse. It argues that the post-conviction trial court granted relief on a ground not advanced by petitioner. Alternatively, the state argues that the court's rationale for granting relief was substantively incorrect. Petitioner "cross-appeals."[1] We review for errors of law, *Aquino v. Baldwin*, 163 Or App 452, 458-62, 991 P2d 41, *modified on other grounds* 169 Or App 464 (1999), and affirm on the appeal and cross-appeal.

In November 1986, petitioner's five-year-old daughter reported to her mother that petitioner had sexually molested her during overnight visits at petitioner's house. On November 18, the mother notified authorities about the reported abuse. On December 17, petitioner was charged by indictment (Indictment One) with first-degree rape and first-degree sodomy of his daughter. In July 1987, on the prosecutor's motion, the case in which the indictment was filed was dismissed without prejudice.

On June 26, 1992, a grand jury returned a new indictment (Indictment Two), this time charging petitioner with two counts of first-degree sexual abuse. Indictment Two was assigned case number 92CR0516ST, and it alleged that petitioner committed the charged offenses against his daughter "between or about the 1st day of May 1986 and the 1st day of November 1986." Indictment Two was amended on September 4, 1986. The amended indictment (Indictment Three) carried the same case number and charged petitioner with the same offenses against his daughter as did Indictment Two, varying only the time period during which the crimes allegedly occurred—"between or about the 10th day of October 1986 and the 30th day of December 1986." A further

---

[1] Although petitioner has filed a "cross-appeal" asserting alternative grounds to uphold the post-conviction court's judgment, that claim of error is more properly denominated as a "cross-assignment" because it does not seek to reverse or modify the judgment on appeal. *See* ORAP 5.57(2). Because of our disposition of the state's appeal, we need not address petitioner's arguments. Nevertheless, we must dispose of the cross-appeal, which we do by affirming. *See Lichau v. Baldwin*, 166 Or App 411, 413 n 1, 999 P2d 1207 (2000), *rev allowed* 331 Or 633 (2001).

indictment (Indictment Four) was filed on December 22, 1992. Indictment Four was identical in substance to Indictment Three. However, it was assigned a new case number—92CR0974ST—by the court clerk. On March 18, 1993, the prosecutor moved to dismiss case number 92CR0516ST. On March 19, the court granted the motion and entered a judgment of dismissal on the ground that "[petitioner] has been re-indicted in case [number] 92CR0974ST."

The charges in case number 92CR0974ST were tried to a jury. At trial, petitioner's daughter testified that petitioner molested her in October and November 1986 and that she reported the incidents to authorities in November 1986. Petitioner's attorney moved for a judgment of acquittal based on the alleged insufficiency of the evidence but did not at any time assert that the prosecution was barred by the applicable statute of limitations. The jury found petitioner guilty on both counts of first-degree sexual abuse. The trial court entered a judgment of conviction and imposed consecutive terms of imprisonment on each count. Petitioner appealed his convictions, and we affirmed them without opinion. *State v. Abbott*, 136 Or App 547, 901 P2d 268, *rev den* 322 Or 362 (1995).

In his petition for post-conviction relief, petitioner alleged, among other claims, that he received constitutionally inadequate assistance of trial counsel because his trial attorney failed to:

"5) [Demur] to the accusatory instrument rather than enter a plea;

"6) Invoke the bar from prosecution of this case;

"7) Object to the illegal application of the statutes of limitation, where prosecution attempts to reach Petitioner from beyond the new, amended limitation period;

"* * * * *

"17) File a Motion to Dismiss or move for a Mistrial when it became apparent that the prosecution intended to rely on acts alleged to have occurred wholly outside of the statutes of limitation period, and were barred from prosecution;

"* * * * *

"24) Make a viable Motion for Judgment of Acquittal;

"25) Object to improper jury instructions, and provide proper and complete jury instructions to the jury[.]"

During argument to the post-conviction trial court, petitioner's counsel emphasized:

"We believe the core issue—although there are a lot of claims in this petition, I think there is one primary core issue involved here. We think the prosecution that led him to be convicted of these charges and subsequently confined in prison should have been time barred by the statute of limitations. So we'd ask the court to pay particular attention to that allegation.

"We think if the correct statute of limitations would have been applied, the three year statute of limitations, the court would not have had jurisdiction to prosecute these criminal charges, that they were stale, and to prosecute these charges was a denial of his fundamental—a fundamental right under the constitution, specifically the due process clause of the 14th Amendment of the United States Constitution.

"The only way the State could have possibly placed [petitioner's] conduct—or alleged conduct that led to the prosecution of these charges was to apply a six year statute of limitations. And then arguably the six year statute of limitations still would not have applied to bring his conduct within the time bar of the statute of limitations."

The post-conviction trial court rejected all but one of petitioner's claims for relief. Regarding the statute of limitations claims, the court ruled:

"With the expansion of the statute of limitations the indictment handed down on December 22, 1992 alleged that the crimes were committed between October 10, 1986 and December 30, 1986. The portion of December 1986 from December 22 through December 30 was a period within the statute of limitations. The indictment was sufficient in that it thus alleged that a crime was committed within the time limited by law for the commencement of an action for that crime. [*See*] *State v. Scott*, 48 [Or App] 623, 617 [P2d] 681 [(1980)]. Therefore Petitioner's trial counsel did not err by not moving against or demurring to the indictment for statute of limitations violations.

"However, Petitioner also alleges that his trial counsel was ineffective in failing to object to jury instructions dealing with the statute of limitations. * * * Pursuant to ORS 131.125(2)(j) the statute of limitations in this case would have expired on November 18, 1992. The trial court instructed the jury without exception from trial counsel that it could find Petitioner guilty for acts committed between October 10, 1986 and December 30, 1986. Any acts prior to November 18, 1986 would have been beyond the statute of limitations and trial counsel should have voiced his exception. Since the evidence was that the acts complained of occurred prior to November 18, 1986 clearly the Petitioner was found guilty for acts committed beyond the statute. Trial counsel's failure fell below an objective standard of reasonableness and there is a reasonable probability that but for trial counsel's error the verdict would have been different. ·

"Petitioner further alleges that his trial counsel was ineffective in failing to move for a judgment of acquittal at the close of the State's case. The evidence, as discussed above, was that the statute of limitations expired in November, 1992. The indictment which resulted in Petitioner's conviction was filed December 22, 1992, after the statute of limitations had ended. While trial counsel did make a motion for judgment of acquittal he did not raise the issue of statute of limitations. His failure to do so fell below an objective standard of reasonableness and there is a reasonable probability that but for trial counsel's error Petitioner would have been acquitted of the charges brought against him."

Based on those conclusions, the post-conviction trial court granted the petition for post-conviction relief and set aside petitioner's convictions.

■     On appeal, the state first argues that the post-conviction court granted relief on grounds that were not asserted by petitioner. In the alternative, the state contends that the post-conviction court erred in concluding that "petitioner's trial counsel provided constitutionally inadequate assistance by not asserting at trial a defense based on the statute of limitations." The state asserts that any such defense would have been unsuccessful if it had been raised during the underlying trial because Indictment Four was not,

in fact, time-barred. Petitioner responds that he did adequately raise the dispositive issue before the post-conviction court and that the court did not err in concluding that the prosecution was time-barred. Petitioner also "cross-appeals," assigning error to the court's denial of relief on various other grounds.

The state first asserts:

"Although [petitioner] repeatedly, and in various forms, asserted that [trial counsel] provided inadequate assistance by failing to assert a defense based on the statute of limitations, the *arguments* that he asserted in support of those claims were based only on two theories: (1) that the charges were subject to the prior three-year limitations period, not the new six-year period, and (2) that, in any event, the evidence presented at trial failed to establish that he committed the crimes during the period alleged in the indictment. He never asserted a claim that [Indictment Four] could not relate back to the filing of [Indictments Two and Three], and hence, was untimely. *That* was not an issue that the parties ever litigated; that is an issue that the post-conviction court raised *sua sponte* after the case had been submitted." (Emphasis in original.)

It is true that grounds for post-conviction relief that are not alleged in an original or amended petition are deemed waived by the petitioner "unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." ORS 138.550(3). Thus, a post-conviction court generally may decide only the claims for relief pleaded by the petitioner. However, the court is not restricted to the *specific arguments* made in support of those claims. *See Reynolds v. Lampert*, 170 Or App 780, 786, 13 P3d 1038 (2000) ("[T]he court was not confined to choosing among only the arguments and authorities cited by counsel for or against a properly pleaded claim."). Here, petitioner specifically alleged that his trial counsel was inadequate in failing to "[m]ake a viable [m]otion for [j]udgment of [a]cquittal" and because he failed to "[o]bject to improper jury instructions, and provide proper and complete jury instructions to the jury." The post-conviction trial court granted relief on the grounds that petitioner's trial attorney "fail[ed] to move for a

judgment of acquittal at the close of the state's case" and "fail[ed] to object to jury instructions dealing with the statute of limitations." Although petitioner's specific arguments at trial were not identical to those articulated by the court, the relief granted is directly traceable to, and falls within the scope of, the claims alleged in the post-conviction petition.

The state's alternative argument is that petitioner's trial counsel was not constitutionally inadequate because petitioner's prosecution under Indictment Four was not time-barred. "To demonstrate inadequate assistance of counsel under Article I, section 11, [of the Oregon Constitution,] petitioner must prove by a preponderance of the evidence that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Bogle v. Armenakis*, 172 Or App 55, 59, 18 P3d 390 (2001).[2] Petitioner is entitled to post-conviction relief only if his counsel's failure to raise the statute of limitations defense at trial had "a tendency to affect the result" of the trial. *Krummacher v. Gierloff*, 290 Or 867, 883, 627 P2d 458 (1981); *see also Stevens v. State of Oregon*, 322 Or 101, 110 n 5, 902 P2d 1137 (1995) (reaffirming *Krummacher*'s prejudice standard). We review that issue for errors of law. *See Aquino*, 163 Or App at 458-62.

In 1989, the legislature increased the limitation period for commencing a prosecution for first-degree sexual abuse from three years to six years. ORS 131.125(2)(k).[3] Although his alleged offenses were committed in 1986, the extended limitation period permissibly applied to petitioner.

---

[2] Based on our agreement with the post-conviction court that petitioner's trial counsel was inadequate under the Oregon Constitution, we need not address petitioner's claim that he received inadequate assistance of counsel under the United States Constitution.

[3] ORS 131.125(2) provides, in part:

"A prosecution for any of the following felonies may be commenced within six years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, any time before the victim attains 24 years of age or within six years after the offense is reported to a law enforcement agency or other government agency, whichever occurs first:

"* * * * *

"(k) Sexual abuse in the first degree under ORS 163.427."

*State v. Dufort,* 111 Or App 515, 827 P2d 192 (1992). Petitioner's daughter reported the abuse on November 18, 1986, thereby triggering the running of the six-year limitation period. Thus, if the state is correct in asserting that Indictment Four related back—at the latest in time—to the filing of Indictment Three on September 4, 1992, it was filed before the six-year statute of limitations had expired. Otherwise, the prosecution was time-barred.

In support of its relation-back argument, the state relies on ORS 131.135, which provides that "[a] prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." The state contends that "the 'prosecution' against petitioner was commenced in June 1986 upon the filing of the original indictment" and that, therefore, the statute of limitations was tolled as of that time. The state asserts alternatively that the prosecution was commenced either by the filing of Indictment Two or Indictment Three.

The state is mistaken. To explain why, we must consider the meaning of the term "prosecution" as it is used in ORS 131.135. ORS 131.105 to ORS 131.155 generally relate to the subject of time limitations in criminal actions. ORS 131.105 provides that "[a] criminal action must be commenced within the period of limitation prescribed in ORS 131.125 to 131.155." An examination of ORS 131.105 to ORS 131.155 discloses that the legislature has used the terms "prosecution" and "criminal action" interchangeably in that context. As noted, ORS 131.105 states that the succeeding sections govern the time for commencing a "criminal action." However, ORS 131.125 specifies the limitation periods governing the "prosecution" of various enumerated felony offenses. That choice of terminology is consistent with ORS 131.135. However, ORS 131.145(3), a tolling provision, states, in part, that "the *action* may be commenced within the time provided by ORS 131.125 * * *." (Emphasis added.)

■ We do not suggest that "prosecution" means "criminal action" in every context in the Criminal Code. Clearly it does not. Sometimes prosecution refers to the *pursuit* of a criminal action, rather than to the action itself. For example,

ORS 131.005(3), defining "complaint," provides that "[a] complaint serves both to commence an action and as a basis for prosecution thereof." However, as the legislature's blending of the terms in ORS 131.105 to ORS 131.155 demonstrates, another ordinary meaning of "prosecution"—in fact, the relevant one for purposes of time limitations—refers to a criminal action itself.

■     Unlike "prosecution," the legislature has expressly defined "criminal action" as "an action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony." ORS 131.005(6). The term "action" is not separately defined in the Criminal Code, but it has a well-established legal meaning. Simply put, an action is a discrete judicial proceeding involving a demand for relief that must be independently commenced and adjudicated. *See* ORCP 1 (A) ("References in [the Oregon Rules of Civil Procedure] to actions shall include all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin."); ORCP 3 (providing for commencement of an action); ORCP 70 (providing for entry of judgment in an action); *see also Black's Law Dictionary*, 29 (6th ed 1990) (action "includes all the formal [judicial] proceedings * * * attendant upon the demand of a right made by one person of another * * *, including an adjudication upon the right and its enforcement or denial by the court"). "Action" has essentially the same meaning as the term "case." *See State v. Cunningham*, 161 Or App 345, 352, 985 P2d 827 (1999), *rev den* 331 Or 283 (2000) (approving the dictionary definition of "case" as a "general term for an action, cause, suit or controversy, at law or in equity; a question contested before a court of justice; an aggregate of facts which furnishes occasion for the exercise of jurisdiction by a court of justice[; a] judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected, or wrongs are prevented or redressed; *any* proceeding judicial in its nature") (emphasis in original); *see also* ORCP 1 A. With those concepts in mind, we turn to the state's specific arguments.

The action involving Indictment One was dismissed on the state's motion. It clearly was a distinct criminal action from those in which the 1992 indictments were filed. *See*

*State v. Nichols*, 236 Or 521, 527, 388 P2d 739 (1964) (holding that "where an indictment is dismissed and the matter is resubmitted to the grand jury the prosecution is in the same posture in which it would have been if the defendant had never been indicted"). As it related to Indictment Four, the action on Indictment Three was in a different posture from the 1986 action in only one respect: It had not been dismissed when Indictment Four was filed in case number 92CR0974ST. However, like the 1986 action, it also constituted a different criminal action from the prosecution of Indictment Four.

■ Unlike Indictment Three, Indictment Four did not purport to amend any preexisting indictment; in fact, it was substantively identical to Indictment Three.[4] For reasons that are not explained in the record, the state resubmitted the charges to the grand jury. When the state asked the grand jury to reindict petitioner, the grand jury was free to indict petitioner, within the limitations of the statutes setting forth its duties, for any crime for which it believed there was sufficient evidence to prosecute or, if it did not believe that there was such evidence, not to indict him at all. *State v. Silver*, 239 Or 459, 464, 398 P2d 178 (1965). When a new indictment was returned, it was filed in a *separate case* against petitioner. That case was independently commenced and adjudicated. As noted, a judgment of dismissal ultimately concluded the action on Indictment Three on the ground that "[petitioner had] been re-indicted in case [number] 92CR0974ST." In short, the filing of Indictment Four constituted a distinct criminal action against petitioner within the meaning of ORS 131.105 to ORS 131.155; it was not a mere continuation of the action on Indictment Three.[5] Accordingly, the commencement of the earlier action did not constitute the commencement of the prosecution on Indictment Four for purposes of ORS 131.135.

---

[4] An indictment may be amended "whenever, by ruling of the court, [it] is held to be defective in form." Or Const, Art VII (Amended), § 5(6). An indictment may be amended in substance only when approved by a grand jury or authorized by law. *State v. Wimber*, 315 Or 103, 113, 843 P2d 424 (1992). However, a resubmitted indictment that changes nothing in regard to the form or substance of an earlier indictment cannot be said to amend anything.

[5] Our conclusion does not require us to determine whether Indictment Two and Indictment Three constituted separate criminal actions.

*Silver*, although not directly on point, reinforces our conclusion. In *Silver*, the trial court dismissed an indictment against the state on the state's motion. The decision does not indicate the grounds for the motion or the rationale for the dismissal. The state then resubmitted the matter to the grand jury, which returned a new indictment charging the state with the same offense. The new indictment was filed after the statutory period for bringing the charge had expired. The defendant demurred to the indictment, asserting that the prosecution was time-barred. The trial court overruled the demurrer. The Supreme Court reversed, explaining:

> "It is the general rule, that, in the absence of a statute which expressly tolls the statute of limitations, such as is now provided in federal criminal procedure, the filing of an indictment upon which no conviction or judgment can be had by reason of its dismissal will not operate to bar the operation of the statute, and, therefore, a subsequent indictment returned for the same crime, even though authorized by a court order of resubmission after the statutory period has expired, is insufficient to sustain a conviction." *Id.* at 461.

In this case, the state asserts that the basis of the *Silver* court's holding "was that the original indictment was invalid and was dismissed before the new indictment was issued and that, under those circumstances, the new indictment cannot relate back." The state reasons that, because the record here does not indicate that Indictment Three was invalid and because the action in which it was filed was still pending when Indictment Four was filed, nothing prevents Indictment Four from relating back to the commencement of the earlier action.

We disagree. *Silver* did not hold that a new indictment can relate back to the filing of earlier *valid* indictments that were dismissed on the state's motion. As noted, the court in *Silver* did not discuss the reason for the dismissal of the first indictment. Nor did its restatement of "the general rule" depend on whether the first indictment was dismissed because it was invalid. In fact, the holding of *Silver* suggests that the contrary is true. The court concluded its analysis as follows:

> "There is no language to be found in the statute to the effect that after dismissal of an indictment brought within the allowable time 'the new indictment shall not be barred by any statute of limitations.'
>
> "Since there is no savings clause in our statutes, the statute of limitations had run when the subsequent indictment was found and filed." *Id.* at 464-65 (citations omitted).[6]

It is true that the first indictment in *Silver*, unlike Indictment Three here, was dismissed before the later indictment was filed. In that vein, the state argues that it should not matter that Indictment Four was filed in a separate case from the earlier indictments, because we do not know why that decision was made, and Indictment Four is, in all other respects, identical to Indictment Three. The state asserts that the different case number could be explained by something as simple as a routine administrative practice in the trial court or a clerical error. The state's speculation misses the point. As we have explained, regardless of the reason for its existence, the case in which Indictment Four was filed constituted a separate criminal action—within the meaning of ORS 131.105 to ORS 131.155—from the case in which Indictment Three was filed. The fact that both cases were pending for an overlapping period of time does not mean that they constituted the same criminal action. The state correctly perceived the matter when it moved to dismiss the case in which Indictment Three was pending because a grand jury had reindicted petitioner in case number 92CR0974ST. Just as the dismissal of that case did not conclude the later-filed

---

[6] *Silver* was decided before the current Criminal Code was enacted. ORS 131.145, enacted in 1973, provides only two exceptions to the running of a criminal statute of limitations:

"(2) Except as provided in ORS 131.155 [providing for a three year maximum toll regardless of the reason], the period of limitation does not run during:

"(a) Any time when the accused is not an inhabitant of or usually resident within this state; or

"(b) Any time when the accused hides within the state so as to prevent process being served upon the accused."

There is no statutory exception for the resubmission of charges to a grand jury in a different criminal action. Thus, in all relevant respects, nothing has changed since the court observed in *Silver* that "there is no saving clause in our statutes." *Id.* at 465.

criminal action, the commencement of the earlier action did not commence the prosecution on Indictment Four for purposes of ORS 131.135.

Affirmed on appeal and cross-appeal.