Argued and submitted August 10, appeal dismissed as moot October 3, 2007

INTERVEST-MORTGAGE INVESTMENT,
Sterling Savings Bank,
fka Sterling Savings Association,
a Washington State-chartered savings and loan association,
*Plaintiffs,*

*v.*

85 FIFTH STREET ASSOCIATES, LLC,
fka New 85 Fifth Street Associates, LLC;
The Commerce Bank of Washington, NA,
a national banking association;
City of La Grande,
a municipal corporation
and Nicholas Frudakis,
as trustee of the
Louka Trust u/a/d October 9, 1987,
Defendants.

Nicholas FRUDAKIS,
as trustee of the
Louka Trust u/a/d October 9, 1987,
*Counterclaim,*
*Plaintiff-Appellant,*

*v.*

STERLING SAVINGS BANK,
fka Sterling Savings Association,
a Washington State-chartered savings and loan association,
*Counterclaim,*
*Defendant-Respondent.*

Union County Circuit Court
030942271; A129759

168 P3d 1260

Kurt Kraemer argued the cause for appellant. With him on the briefs were Jonathan M. Radmacher and McEwen Gisvold LLP.

David W. Criswell argued the cause for respondent. With him on the brief was Ball Janik LLP.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

Respondent is the holder of a promissory note secured by trust deeds encumbering property in Union County, Oregon, and property in Washington and Idaho. Respondent filed actions in each state to foreclose the various trust deeds. In each case, including the Union County action that is the subject of this appeal, the trial court granted respondent's motion for summary judgment and ordered foreclosure of the trust deed.

Appellant is the trustee of the Louka Trust, which owns an interest in the Union County property. He appeals the judgment of the Union County Circuit Court, arguing that the court erred in permitting respondent to foreclose the deed of trust on the Oregon property while separate actions to recover on the same debt were pending in Idaho and Washington. Respondent moves to dismiss the appeal as moot because the sales of the Washington and Idaho properties have already occurred. According to respondent, remanding the case to the trial court pending the foreclosure sales— the relief sought by appellant—would have no practical effect on the rights of the parties now that those sales are final. *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993) (cases in which a court's decision no longer will have a practical effect on or concerning the rights of parties will be dismissed as moot).

We agree with respondent that, as a result of the sales of the Washington and Idaho properties, a decision by this court would not have any practical effect on the rights of the parties. Appellant offers two consequences of reversal that he contends are practical effects on the rights of Louka Trust. First, he argues that, if the trial court's judgment is reversed and the sheriff's sale is canceled, "the trial court will be required to allocate the common debt among the several secured properties." We are not aware of any statutory or common-law authority that would authorize the trial court to allocate the debt in the manner suggested by appellant, where the obligations reflected in the trust deeds were secured by multiple properties. Second, he argues that, on remand, the trial court will be required to resolve certain

cross-claims between the parties. The limited judgment on appeal does not adjudicate those claims, and this appeal has no bearing on appellant's ability to pursue those claims.

Appeal dismissed as moot.