**Gerald A. MCGUIGAN, Petitioner— Appellant,**

v.

**Guy HALL, Respondent—Appellee.**

**No. 08–35245.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Filed Feb. 25, 2009.

Anthony Bornstein, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

David B. Thompson, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: PAEZ and RAWLINSON, Circuit Judges, and JENKINS,* District Judge.

### MEMORANDUM **

Gerald McGuigan appeals the district court's denial of his habeas petition, arguing that the district court erred in determining that his shackling-based ineffective assistance claim is procedurally barred. We have jurisdiction to review his petition under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The only procedural bar issues in dispute here are (1) whether McGuigan actually violated Oregon state pleading rules and (2) if so, whether the pleading rules provide an adequate ground for denial of his federal claim. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Zichko v. Idaho,* 247 F.3d 1015, 1021 (9th Cir.2001).

■ 1. Under Oregon law, grounds for post-conviction relief that are not specifically pleaded are deemed waived. *See Bowen v. Johnson,* 166 Or.App. 89, 999 P.2d 1159 (2000); OR.REV.STAT. § 138.550(3) ("All grounds for relief claimed by petitioner in a [post-conviction] petition ... must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived...."); OR.REV.STAT. § 138.580 (grounds for relief must be "set forth specifically" in the petition). McGuigan first contends that the district court erred in finding that his claim was inadequately pleaded, arguing that under Oregon's liberal pleading standards his broad ineffective assistance claim was sufficient to present and preserve his shackling-based ineffective assistance

claim. However, the state post-conviction court's determination that McGuigan failed to plead the claim adequately is entitled to deference unless it is "clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of rights guaranteed by the Constitution." *Lopez v. Schriro,* 491 F.3d 1029, 1043 (9th Cir.2007) (internal quotations omitted). Because the state court's interpretation and application of state pleading law here was not "clearly untenable," we agree with the district court that McGuigan did in fact violate state procedural law.

McGuigan next asserts that even if his pleading was inadequate, the shackling claim is still not defaulted because it was tried by the implied consent of the parties. *See* OR. R. CIV. P. 23(B). However, a claim must actually be "tried" by the parties to be preserved under this rule. *See, e.g., Harris v. Crist,* 96 Or.App. 263, 772 P.2d 446, 447–48 (1989) (plaintiffs' claim had not been tried by consent where their "pleading made no reference" to the factual allegation underlying the claim and "their case-in-chief ... also made no reference to" that allegation). McGuigan pressed this argument unsuccessfully in his state post-conviction appeals, indicating that the state courts found it insufficient to overcome the procedural bar asserted by the post-conviction trial court. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). "[S]tate courts are presumed to know and correctly apply state law." *Lopez,* 491 F.3d at 1043. In light of McGuigan's failure to plead or actively pursue the shackling claim before the post-conviction trial court, the state courts' conclusion that the claim had been

---

* The Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

defaulted was reasonable, and is entitled to deference.

■ 2. A state rule is adequate to bar federal review only if it is "clear, consistently applied, and well-established at the time of petitioner's purported default." *Zichko*, 247 F.3d at 1021 (internal quotation omitted). The pleading rules here are clear and were well-established at the time of McGuigan's default in 2002, two years after *Bowen*. McGuigan argues that the rules are nonetheless inadequate to bar federal review because they were applied with unusual harshness here, asserting that the post-conviction pleading rules were applied more leniently in *Reynolds v. Lampert*, 170 Or.App. 780, 13 P.3d 1038 (2000), and *Abbott v. Baldwin*, 178 Or.App. 289, 36 P.3d 516 (2001). The pleadings in *Reynolds* and *Abbott*, however, were significantly more specific than the broad claim here; the difference in outcomes thus does not demonstrate inconsistency in application of the rules. We therefore hold that the state post-conviction pleading rules are adequate to bar federal review.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.