Submitted on the briefs March 18, petition for review dismissed as improvidently allowed June 18, 2009

Joel Terence ABBOTT,
*Petitioner on Review,*

*v.*

Jacques A. DeKALB
and State of Oregon,
*Respondents on Review.*

(CC 04CV0283ST; CA A131204; SC S056430)

211 P3d 246

Joel Terence Abbott filed the brief on behalf of himself.

Andrew C. Balyeat filed the brief for respondent on review Jacques DeKalb.

Erin C. Lagesen, Assistant Attorney General, Salem, filed the brief for respondent on review State of Oregon.

Michael A. Greene filed a brief for *amicus curiae* Oregon Trial Lawyers' Association.

PER CURIAM

## PER CURIAM

We allowed review in this case to decide a question about the rule set out in *Stevens v. Bispham*, 316 Or 221, 238, 851 P2d 556 (1993): that a person convicted of a crime cannot sue his or her defense attorney for legal malpractice—and thus that the statute of limitations on such an action does not begin to run—until "the person has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise." We now conclude that we should dismiss the petition for review as improvidently allowed, and we write to explain that disposition.

Plaintiff was charged and convicted of two counts of first-degree sexual abuse. Defendant DeKalb served as plaintiff's appointed counsel at his criminal trial. Although that prosecution occurred outside the applicable statute of limitations, DeKalb did not raise the statute of limitations issue in the trial court; neither did plaintiff's appellate counsel raise that issue on appeal. The Court of Appeals affirmed the convictions, and this court denied review. *State v. Abbott*, 136 Or App 547, 901 P2d 268, *rev den*, 322 Or 362 (1995), *cert den*, 517 US 1214 (1996).

Plaintiff sought, and the trial court granted, post-conviction relief. The post-conviction court found that DeKalb had provided ineffective assistance of counsel by failing to raise the statute of limitations issue, but that plaintiff's "many other claims" (which presumably included his claims concerning appellate counsel) were not well taken. The state appealed, the Court of Appeals affirmed, and plaintiff petitioned for review in this court. *Abbott v. Baldwin*, 178 Or App 289, 36 P3d 516 (2001), *rev den*, 334 Or 75, *cert den*, 537 US 901 (2002). This court denied review, and the appellate judgment affirming the post-conviction judgment issued on May 28, 2002.

The statute of limitations for a legal malpractice action is two years. *See* ORS 12.110(1) (setting that limitations period for "injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter"); *U.S. Nat'l Bank v. Davies*, 274 Or 663, 665-66, 548 P2d 966 (1976) (limitations period of ORS 12.110(1) applies

to legal malpractice actions). On May 21, 2004—just less than two years after the appellate judgment had issued, but more than two years after the post-conviction court initially had granted relief—plaintiff filed the present malpractice action against DeKalb and the attorneys who had handled his direct criminal appeal. The state later was substituted as a defendant in place of appellate counsel, because appellate counsel had been appointed by the state.[1]

In the malpractice action, the trial court granted a motion to dismiss filed by DeKalb and a motion for summary judgment filed by the state. Relying on *Stevens*, the trial court concluded that the malpractice action against both defendants was barred by the statute of limitations because plaintiff's exoneration had occurred when the trial court granted post-conviction relief, not when the appellate judgment later issued. The trial court also agreed with the state that (1) issue preclusion barred plaintiff from challenging the effectiveness of appellate counsel because the post-conviction court had held that appellate counsel had not been ineffective; and (2) plaintiff could not show that he had been harmed by appellate counsel's failure to argue the statute of limitations defense because plaintiff himself had presented the statute of limitations issue to the Court of Appeals in his *pro se* brief. Furthermore, the trial court agreed with DeKalb that the claim for relief against him was barred by the 10-year limitation in ORS 12.115(1).

Plaintiff appealed to the Court of Appeals. In a split, en banc decision, the Court of Appeals affirmed the trial court's ruling in favor of DeKalb and the state. *Abbott v. DeKalb*, 221 Or App 339, 190 P3d 413 (2008). The majority rejected the trial court's conclusion that, under *Stevens*, plaintiff had been exonerated when the post-conviction court granted relief. The majority determined that that was not the appropriate date from which to measure the statute of limitations because the state had appealed the post-conviction court's judgment to the Court of Appeals. *Id.* at 343. Instead, the majority reasoned, exoneration occurred when, after the Court of Appeals affirmed the post-conviction court's ruling

---

[1] The action against the state also was subject to a two-year statute of limitations pursuant to a different statute, ORS 30.275(9).

in plaintiff's favor, the state failed to seek review in this court. At that point, in the majority's view, plaintiff's exoneration had become certain; only plaintiff's decision to seek review from this court prevented the appellate judgment from issuing. *Id.* at 343-44. Because plaintiff had not filed his malpractice action within two years of that date, the majority concluded that the malpractice action was time-barred. *Id.* at 344. Four judges dissented. The dissent contended that plaintiff had not been exonerated until the appellate judgment actually had issued. *Id.* at 346-47 (Edmonds, J., dissenting).

We allowed review to consider only the issue discussed in the Court of Appeals opinion—whether the statute of limitations for plaintiff's legal malpractice action had expired under *Stevens*, 316 Or 221. In allowing review, however, we did not attach sufficient significance to the sentence in the Court of Appeals' majority opinion stating that, "[a]lthough plaintiff raises numerous assignments of error, we reject all but one without discussion." 221 Or App at 342. The Court of Appeals thus effectively had affirmed the other holdings of the trial court without opinion.

The issue that divided the Court of Appeals is an important one.[2] However, the grounds for decision that the Court of Appeals did not discuss fully support the decision of the trial court and present independent bases to affirm that decision, and we do not have the benefit of the Court of Appeals' analysis of those issues. Given those circumstances, any opinion in this case on the merits of the statute of limitations question would address an issue that, although significant in the abstract, would not affect the result. We therefore conclude that our decision to allow review was improvident.

The petition for review is dismissed as improvidently allowed.

---

[2] The facts of this case particularly reveal the ramifications of the delay necessitated by the rule in *Stevens v. Bisham*, 316 Or 221, 238, 851 P2d 556 (1993). The parties did not ask that we reconsider *Stevens* in light of those ramifications.