Argued and submitted January 29, appeal dismissed July 15, 2009

# STATE OF OREGON,
## *Plaintiff-Appellant,*

*v.*

# MICHAEL GENE PETERSON,
## *Defendant-Respondent.*

Linn County Circuit Court
04112356; A129224

215 P3d 897

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General.

David Ferry, Deputy Public Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Deits, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

The state appeals from a judgment that dismissed the indictment with prejudice and acquitted defendant of all charges when the state was unable to proceed to trial as scheduled. ORS 136.120; ORS 136.130.[1] The state contends that the trial court abused its discretion in entering a dismissal with prejudice, rather than, as the state had requested, without prejudice. As explained below, we conclude that, because the statute of limitations for the charged offenses expired during the pendency of this appeal, the resolution of this dispute would be without practical effect in that any refiled charges would be time-barred. *See, e.g., State v. Silver*, 239 Or 459, 398 P2d 178 (1965); *Abbott v. Baldwin*, 178 Or App 289, 36 P3d 516 (2001), *rev den*, 334 Or 75 (2002). Accordingly, we dismiss the appeal as moot.

The pertinent procedural circumstances are uncontroverted. On November 4, 2004, a Linn County grand jury indicted defendant on charges of first-degree robbery, ORS 164.415, first-degree assault, ORS 163.185, and felon in possession of a firearm, ORS 166.270, all based on conduct occurring on or about October 7, 2004. Defendant was arraigned on November 22, 2004. At a hearing on March 7, 2005, the prosecutor represented that the state was prepared to proceed to trial, and trial was scheduled for June 7, 2005.

At the time of the March 7 hearing, neither the prosecutor nor investigating officers had had any contact with the complaining witness, Davidson, since November 4, 2004, when he appeared before the grand jury. However, Davidson

---

[1] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

had told the prosecutor at that time that he was staying with his grandmother in Beaverton and had provided his grandmother's address as contact information. Between November 4, 2004 and March 7, 2005, the state sent notices of various pre-trial hearings, which Davidson was not required to attend, to Davidson at his grandmother's address, and none had been returned as undeliverable.

On March 8, 2005, the state issued a subpoena to secure Davidson's attendance at trial, and the Washington County civil deputy received that subpoena for service on March 16, 2005. The deputy attempted to serve the subpoena through May 9—and, at some point during the course of those efforts, Davidson's grandmother said that she had not seen him for several weeks and he had not left any forwarding address, but she did not believe he would be gone indefinitely. The Linn County prosecutor then unsuccessfully attempted to reach Davidson by calling some telephone numbers that Davidson had also given as contact information. The investigating officer also called Davidson's grandmother's house every 10 days until the day before trial, leaving information about the scheduled trial date, but was unable to reach Davidson.

Because it could not proceed to trial without Davidson's testimony, on May 20, the state filed a motion to continue the trial, which defendant did not oppose. The trial court denied that motion on the ground that the state had shown "no real reason why" Davidson was not available, noting that the trial date had been set in March.

On June 7, the scheduled trial date, the state still had been unable to locate Davidson and secure his attendance. Accordingly, the state moved, pursuant to ORS 136.120, that the indictment be dismissed without prejudice, so that charges could be refiled. Defendant opposed that motion, contending that dismissal should be with prejudice because the state had failed to make "a showing of sufficient cause for postponing."

The trial court initially characterized the state's motion as a renewal of the previously denied motion to continue and, based on that understanding, denied a continuance for lack of "good cause shown." When the prosecutor

reiterated that the state was, in fact, "moving to dismiss without prejudice," the court stated that the case was to proceed to trial as scheduled. When the prosecutor responded that the state could not, and would not, proceed because it would be "unethical to proceed to—and then present to a jury a claim without evidence to support it," the court determined that the dismissal should be with prejudice pursuant to ORS 136.130.

On June 20, the trial court entered a judgment of dismissal with prejudice, and the court subsequently entered an "Amended Judgment: Judgment of Acquittal," which, pursuant to ORS 136.130, dismissed the case with prejudice and acquitted defendant of all charges.

The state filed a timely appeal from the original judgment but, because of the juxtaposition of the original judgment, the state's notice of appeal, and the entry of the amended judgment, substantial questions arose regarding appellate jurisdiction, which were ultimately resolved in September 2007. Shortly thereafter, the state filed its "Amended Appellant's Brief," and in that brief, as it had in its original Appellant's Brief, the state consistently maintained that the proper disposition of this appeal would be to reverse and remand to the trial court "for entry of an order of dismissal without prejudice" (as the prosecutor had requested of the trial court).

The state's amended brief was filed on October 10, 2007. Three days before, the event that dictates our disposition of this appeal occurred: On October 7, 2007, the three-year statute of limitations for each of the underlying charges against defendant expired.[2] On December 5, 2007, defendant moved to dismiss the appeal as moot. Defendant reasoned:

"In its appeal, the state seeks reversal of the trial court's dismissal of the indictment in this case *with prejudice* so that it can re-indict defendant. The statute of limitations has run on all of the crimes with which defendant was

---

[2] As noted, the conduct that gave rise to those charges occurred on or about October 7, 2004. The three-year statute of limitations for each of the charged offenses is prescribed in ORS 131.125(6).

charged in the original, dismissed indictment. Consequently, 'a decision by this court would not have any practical effect on the rights of the parties,' and this case is, therefore, moot. [*Intervest-Mortgage v. 85 Fifth Street Associates*,] 215 Or App 350, 352, 168 P3d 1260 (2007).

"* * * * *

"* * * Because there is no pending indictment that tolled the statute of limitations, and the statute has now run on the criminal acts alleged in the prior indictment, the state cannot now indict defendant on those charges and has no legal means of re-commencing its prosecution of defendant for those acts. Accordingly, the state has nothing to gain from its appeal and this case must be dismissed."

(Emphasis in original.)

The state responded by arguing that the appeal was not moot because, although the state had sought a dismissal without prejudice before the trial court and had sought a remand from this court directing that relief, that was not the only relief that could be afforded on appeal. Rather, the state contended, this court would not be so limited and could, instead, simply reverse the judgment and remand, broadly, "for further proceedings." In that event, the state posited, it would not have to seek a new indictment but, instead, could simply "withdraw its motion for dismissal without prejudice" and "bring defendant to trial on the original indictment."

The state asserted, particularly, that such expansive relief—that is, relief beyond that which it sought before the trial court—was consonant with *State v. Shaw*, 338 Or 586, 113 P3d 898 (2005), and was warranted in the totality of the circumstances:

"The fact that the state itself asked the trial court to dismiss this case without prejudice should not alter the analysis. Had the trial court granted the state's request, this appeal would not have been necessary. On the contrary, the state long ago would have procured its previously missing witness, reindicted defendant before the statute of limitations expired, and brought defendant to trial. * * * Because a successful appeal would place the state in the position it would have been, had the trial court not

improperly dismissed its case with prejudice in the first instance, this case is not moot."

Toward that end, the state moved for leave to file a second amended appellant's brief, altering the requested relief from remanding "for entry of an order of dismissal without prejudice" to remanding "for further proceedings."

On May 2, 2008, the appellate commissioner denied defendant's motion to dismiss and granted the state's motion to file a second amended appellant's brief seeking a remand "for further proceedings."

On appeal, the parties dispute whether the trial court abused its discretion in dismissing this matter with prejudice. In addition, defendant, in respondent's brief and at oral argument, has renewed his contention that this appeal is moot because of the expiration of the statute of limitations, precluding reindictment following remand. *See generally Silver*, 239 Or at 461; *Abbott*, 178 Or App at 301 n 6. In that regard, defendant emphasizes that, notwithstanding the revision in the state's brief of the recitation of the relief sought, the state has assigned error only to the dismissal of the indictment *with prejudice* pursuant to ORS 136.130— and "the state did not preserve, and has not raised, any claim that the trial court erred in dismissing the indictment under ORS 136.120." Thus, defendant reasons, even if the state were to prevail on its assignment of error, the dismissal of the indictment (albeit without prejudice) that the state invited would still stand, *see, e.g., State v. Hilligoss*, 168 Or App 285, 292, 7 P3d 583 (2000)—necessitating a reindictment that would, in turn, be precluded by the expiration of the statute of limitations. Consequently, appellate determination of the matter assigned as error "would have no practical effect on the rights of the parties." *Intervest-Mortgage*, 215 Or App at 352.

Because defendant's contentions, as embodied in his motion to dismiss on grounds of mootness, implicate this court's jurisdiction, they are properly presented for our consideration. ORAP 7.15(3) (except for motion that "challenge(s) * * * the court's jurisdiction," previously denied

motion cannot be resubmitted unless the court's order denying that motion so states). For the reasons that follow, we agree that this appeal must be dismissed as moot.

As noted, after the trial court denied the state's pretrial motion for a continuance (a ruling to which the state does not assign error), the state requested that the court dismiss the indictment without prejudice, under ORS 136.120. Instead, and over the prosecutor's vigorous objections, the court entered a judgment of dismissal with prejudice and judgment of acquittal, pursuant to ORS 136.130. The state's sole assignment of error challenged the propriety of the dismissal *with prejudice*—and not the dismissal *qua* dismissal, which the state had itself requested. Even if we were to agree with the state as to the assigned error—*i.e.*, that the trial court abused its discretion in dismissing with prejudice, rather than without prejudice—the proper relief would be (as the state recognized in its initial briefing) to remand with instructions to enter an order of judgment of dismissal without prejudice. *See, e.g.*, *Hilligoss*, 168 Or App at 292. As defendant asserts, given the expiration of the statute of limitations for the charged offenses, precluding reindictment, that disposition would be advisory. *See, e.g.*, *Silver*, 239 Or at 461.[3]

*Shaw*, which the state invokes, is not to the contrary—and, indeed, is inapposite. In *Shaw*, the defendant was indicted for aggravated murder, a crime for which there is no statute of limitations. Before trial, the state sought an *in limine* ruling as to the admissibility of certain evidence. 338 Or at 593. The trial court ultimately admitted some of that evidence but excluded the rest. *Id.* at 594-95. The state then informed the court that some of the excluded evidence was essential to the state's case and, consequently, sought a continuance in order to take an interlocutory appeal. *Id.* at

---

[3] In *Silver*, the Supreme Court explained:

"It is the general rule, that, in the absence of a statute which expressly tolls the statute of limitations * * * the filing of an indictment upon which no conviction or judgment can be had by reason of its dismissal will not operate to bar the operation of the statute * * *."

*Id.*; *see also Abbott*, 178 Or App at 301 n 6 ("There is no statutory exception [from the statute of limitations] for the resubmission of charges to a grand jury in a different criminal action.").

595. The trial court denied the motion for a continuance, and the state indicated that it was "unable to proceed." *Id.* at 595-96. The defendant subsequently moved for a dismissal with prejudice and for a judgment of acquittal under ORS 136.130. *Id.* at 596-97. The trial court granted the defendant's motions. *Id.* at 598.

The state appealed, challenging both the dismissal/judgment of acquittal and the underlying evidentiary ruling. Thus, the dispositive issue on appeal in *Shaw* was not whether the trial court erred in dismissing with prejudice when it should have dismissed without prejudice; rather, the question was whether the court should have dismissed *at all* under those circumstances. The Supreme Court ultimately held that the state had shown "sufficient cause" under ORS 136.120 to postpone the trial and that the trial court had therefore "exceeded its authority *under ORS 136.120* in dismissing the indictment against defendant." *Id.* at 611 (emphasis added). In summarizing and directing its disposition, the Supreme Court stated: "Because we conclude that ORS 136.120 did not authorize it to do so, we reverse the trial court's order dismissing the indictment and entering a judgment of acquittal. * * * [T]he case is remanded for further proceedings." *Id.* at 619-20.

In *Shaw*, the issue was the propriety of dismissal *at all* under ORS 136.120; in this case, by contrast, the state *sought* dismissal under ORS 136.120—and the sole issue presented here is whether the trial court erred in rendering that dismissal a dismissal with prejudice under ORS 136.130. Given that the Supreme Court concluded in *Shaw* that *no* dismissal should have occurred, it is not surprising that its disposition generally directed a remand "for further proceedings." Here, by contrast, given that the state did not contest—and, indeed, requested—a dismissal without prejudice under ORS 136.120, the exclusive proper relief, even if the state were to prevail, would be a remand for entry of a dismissal without prejudice. *See, e.g., Hilligoss*, 168 Or App at 292. The scope of "further proceedings" on remand could not encompass the revival of the original indictment whose dismissal, albeit without prejudice, the state invited.

In sum, because of the expiration of the statute of limitations during the pendency of this appeal, a determination of the matter assigned as error by the state would not have any practical effect on the rights of the parties.

Appeal dismissed.